José R. Ramos Mimoso, en representación de la Sociedad Legal de Gananciales existente entre él y su esposa, Violeta Toral, demandante y apelante, *v.* El Pueblo de Puerto Rico y Departamento del Interior, demandados y apelados.

Núm. 9443.—*Sometido:* Junio 6, 1947. *Resuelto:* Julio 18, 1947.

H. *Ramos Mimoso y J. C. Santiago Matos,* abogados del apelante;. *Hon. Procurador General Luis Negrón Fernández,* y *A. Torres Braschi, Procurador General Auxiliar,* abogados de los apelados..

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

A la demanda sobre reivindicación de una parcela de terreno de .166 cuerdas iniciada el 30 de abril de 1946 ante la Corte de Distrito de Bayamón por José R. Ramos Mimoso contra El Pueblo de Puerto Rico y El Departamento del Interior,[1] los demandados interpusieron moción para desestimar alegando que la demanda no aduce hechos suficientes constitutivos de causa de acción toda vez que la acción que se trata de ejercitar está prescrita. Radicaron además los demandados en apoyo de la anterior moción, otra, que, en lo pertinente, dice así:

"Que toda vez que el fundamento aducido por los demandados en su referida moción para desestimar, a saber: prescripción de la acción ejercitada, *no se desprende de la faz de la demanda en este caso,* los demandados someten por la presente moción, para que se incluyan como *Exhibits* 1, 2 y 3 de la moción para desestimar, declaraciones juradas de Quintín Román Gerena, Secundino Vázquez y Alcohes Guardiola, todos vecinos del Bo. Juan Domingo de Guaynabo, de cuyas declaraciones juradas se desprende que la causa de acción ejercitada por el demandante en el presente caso se originó hace mucho más de dieciséis años." (Bastardillas nuestras.)

Termina esta moción solicitando se admitan las declaraciones juradas[2] a tenor con lo resuelto en *Onna* v. *The Texas Co.,* 64 D.P.R. 520.

En la vista celebrada sobre la moción para desestimar, el demandante se opuso a que las declaraciones juradas fue-

[1] Esta acción se ejercita bajo la Ley núm. 76 de 13 de abril de 1916 (pág. 155) según enmendada por la Ley núm. 11 de 18 de abril de 1928 (pág. 131), cuya sección 9 dispone que la misma deberá ejercitarse dentro de los dos años de originarse la causa de acción.

[2] Son tres las declaraciones juradas y ellas tienden a demostrar que el Departamento del Interior ha estado en posesión de la parcela reclamada desde hace unos veinte años.

ran admitidas para establecer la prescripción ya que las mismas podían ser controvertidas por el demandante en su día. Esto no obstante, la corte, citando la Regla 12(*b*) de las Reglas de Enjuiciamiento Civil y el caso de *Onna* v. *The Texas Co.*, supra, dictó resolución admitiendo las declaraciones juradas ofrecidas por los demandados, resolvió que la acción está prescrita y dictó sentencia desestimando la demanda.

El demandante solicitó la reconsideración de la sentencia alegando que podía probar, según lo demostraban las declaraciones juradas que acompañó a su moción, que si bien El Pueblo de Puerto Rico ocupa parte del solar objeto de reivindicación, dicha ocupación fué un acto de mera tolerancia del dueño y que cuando El Pueblo de Puerto Rico quiso hacer acto de dominio sobre otra parte de la misma finca pagó al dueño el valor de la parcela enajenada, no habiendo pagado, sin embargo, por el uso, disfrute o dominio de la parcela ahora objeto de reivindicación. Alegó además el demandante que tanto de la demanda como de las declaraciones juradas se desprende que la causa de acción del demandante surgió cuando el demandado pretendió convertir un acto de mera tolerancia en un acto de dominio y que esa actuación surgió, según se alega en el párrafo 5to. de la demanda, escasamente dieciséis semanas con anterioridad a su radicación.

Vista la moción de reconsideración la corte inferior la declaró sin lugar y el demandante apeló y en este recurso alega que erró al aplicar la Regla 12(*b*) de las Reglas de Enjuiciamiento Civil al presente caso y al resolver que la acción estaba prescrita.

En el caso de *Onna* v. *The Texas Company*, supra, dijimos que en la consideración de las mociones de desestimación permitidas por la Regla 12(*b*) ". . . la corte deberá tener en cuenta únicamente los hechos expuestos en la demanda, sin que pueda entrar a considerar materia extraña a la alegada. (Citas.) Empero, la jurisprudencia federal

interpretativa de las Reglas de Enjuiciamiento Civil ha establecido como excepción a la regla general antes expuesta, que cuando la controversia planteada envuelve una cuestión de jurisdicción, la corte, al resolver la moción para desestimar, puede considerar otros hechos fuera de los alegados en la demanda." La cuestión envuelta en el caso de *Onna* v. *The Texas Co.* era precisamente una de jurisdicción.

■ Ahora bien, se ha resuelto además, que son admisibles *affidavits* en apoyo de la moción bajo cualquiera de los incisos (1) a (5) de la Regla 12(*b*) a virtud de los cuales se puede solicitar la desestimación, no sólo por falta de jurisdicción, sino también por falta de competencia, insuficiencia del emplazamiento o de su notificación. En 3 Fed. Rules Service 674, al comentarse esta cuestión, se dice: "Parece bastante claro que las cinco primeras defensas pueden ser levantadas por affidavit o deposición si no aparecen de la faz de la alegación. Si esto es también cierto en cuanto a la falta de alegar hechos constitutivos de una causa de acción ha sido materia de disputa." Así es, en efecto, pues las cortes federales están divididas en cuanto a esta cuestión. Véase 30 California Law Review 92; *Massaro* v. *Fisk Rubber Corporation,* 36 F. Supp. 382; *McConville* v. *District of Columbia,* 26 F. Supp. 295; *Sherover* v. *John Wanamaker,* 29 F. Supp. 650; *Palmer* v. *Palmer, et al.,* 31 F. Sup. 861; 1 Moore's *Federal Practice* 645.

■ Aun cuando hay algunas cortes federales que sostienen que la defensa de prescripción debe alegarse afirmativamente en la contestación bajo la Regla 8(*c*) y que no procede levantarla por moción bajo la Regla 12(*b*)(6)—*Curtis* v. *Meyer Malt & Grain Corp.,* (1947) 6 F.R.D. 444, 10 Fed. Rules Service 12b.325; *Baker* v. *United States,* 3 Fed. Rules Service 12b.325; *Patsavouras et al.* v. *Garfield,* 34 F. Supp. 406—otras cortes han dado una interpretación más liberal a las reglas y han resuelto que si de la faz de la demanda aparece que la acción está prescrita la cuestión puede

levantarse por moción para desestimar bajo la Regla 12(*b*) (6). Véanse *Leimer* v. *State Mut. Life Assur Co.,* 108 F.2d 302 (C.C.A. 8, 1940); *A. G. Reeves Steel Const. Co.* v. *Weiss,* 119 F.2d 472 (C.C.A. 6, 1941); *Gossard* v. *Gossard,* 149 F.2d 111 (C.C.A. 10, 1945). El fundamento que nos lleva a aceptar esta última jurisprudencia es que si bajo la Regla 9(*f*): "A los fines de determinar la suficiencia de una alegación todas las alegaciones de tiempo y lugar son esenciales y serán consideradas de la misma manera que todas las demás alegaciones de materia esencial," no hay razón entonces para obligar a la parte demandada a levantar la cuestión de prescripción como defensa afirmativa bajo la Regla 8(*c*).([3]) Siendo la alegación de tiempo, en relación con la prescripción, una materia esencial a la causa de acción, puede, por tanto, desestimarse por moción una demanda que no contenga dicha alegación.

Como hemos dicho antes, las cortes federales también están divididas en cuanto a si deben admitirse affidavits en apoyo de una moción para desestimar bajo la Regla 12(*b*)(6). Empero, la mejor práctica, a nuestro parecer, es la adoptada por aquellas cortes que, siguiendo la del Juez Charles E. Clark,([4]) sostienen que son admisibles affidavits en apoyo de y para controvertir una moción para desestimar en la misma forma y extensión en que lo son en relación con una moción para que se dicte sentencia sumariamente bajo la Regla 56. Sostiene el Juez Clark que el lenguaje amplio usado en la Regla 12(*b*): "Toda defensa de *hecho* o de derecho," significa que dicha defensa de hecho o de derecho puede levantarse, tanto en la contestación como en las mociones autorizadas bajo los apartados (1) a (6) de dicha Regla y que cuando se levantan por moción éstas pueden

---

([3])En lo pertinente, la Regla 8(*c*) dispone que al alegar contra una alegación precedente, la parte expresará afirmativamente, entre otras defensas, la de prescripción.

([4])El Juez Clark fué el Repórter del Comité Consultivo de las Reglas Federales y es actualmente Juez de la Corte del Segundo Circuito Federal.

ser sostenidas por affidavits, ya que el propósito de las nuevas reglas fué algo más que sustituir la excepción previa por la moción para desestimar.([5]) Al efecto, en una nota al calce del caso de *Palmer* v. *Palmer,* supra, y refiriéndose al de *United States Trust Co. of New York* v. *Sears,* (D.C. Conn.) 29 F. Supp. 643, dijo:

"En dicho caso señalé la división de opinión existente en cuanto a la necesidad de distinguir las varias mociones para obtener sentencia bajo las reglas federales, especialmente con referencia al uso de materia no contenida en las alegaciones en apoyo de las demás mociones además de la de sentencia sumaria. Si estas varias mociones tienen que ser conservadas en compartimientos separados, entonces poco se ha ganado con la abolición de la excepción previa pues una jerarquía de procedimientos de oposición, cada uno requiriendo procedimientos separados y vistas formales, entonces todavía persistiría. Lógicamente un solo remedio se solicita; como materia de conveniencia práctica todas las razones apropiadas deben ser levantadas y consideradas de una sola vez."

En igual forma, Moore, al comentar esta regla, dice:

"El alcance de la Regla 12(*b*) es tan ancho como el campo de defensa. A menos que una moción pueda ser acompañada de affidavits o haga referencia a deposiciones archivadas en el caso su utilidad resulta seriamente afectada . . .

"Además la Regla 56(*b*) autoriza a una parte demandada 'a presentar una moción, basada o no en affidavits, para que se dicte sentencia sumariamente' en cualquier momento. Sería una argucia o sofisma sostener que la Regla 12(*b*) no autoriza que a una moción que levanta la defensa (6) se acompañe un affidavit que demuestre que la acción ha prescrito o esté impedida por *res judicata.*" 1 Moore's Federal Practice 647.

Creemos que una interpretación liberal de las Reglas de Enjuiciamiento Civil debe prevalecer para que pueda realmente considerarse que hemos dado un paso de avance en materia de procedimiento. En cuanto a la Regla 12(*b*)(6) su alcance es el mismo que el contemplado por la Regla 56 sobre sentencia sumaria solicitada por un demandado y si

---

([5])3 Fed. Rules Cases 674; Palabras del Juez Clark en los Procedimientos del Instituto de Wáshington sobre las Reglas Federales (1938) 74.

esta última procede presentarse, con o sin affidavits, no hay razón para prohibir la presentación de affidavits con la primera. Como dice Moore, una parte tiene derecho a "acribillar (*pierce*) las alegaciones de hecho contenidas en las alegaciones (*pleadings*) y obtener remedio por sentencia sumaria cuando los hechos expuestos en detalle en affidavits, deposiciones y admisiones archivados demuestran que no hay controversia genuina de hecho a ser juzgada." 3 Moore's Federal Practice 3175.

Cualquier duda que pudiera haber en cuanto a la interpretación liberal que debe darse a la Regla 12(*b*)(6) en cuanto a esta cuestión, se disipa si tomamos en consideración el hecho de que la Corte Suprema de los Estados Unidos aprobó una enmienda a dicha regla, la cual empezará a regir el primero de septiembre de 1947, que textualmente dice así:

"Si, bajo una moción que alega la defensa numerada (6) para desestimar porque la alegación no expone hechos constitutivos de una causa de acción, materias fuera de la alegación son presentadas y no rechazadas por la corte, la moción se tratará como una para obtener sentencia sumaria y resuelta según se provee en la Regla 56, y a todas las partes se les dará oportunidad razonable de presentar toda materia que sea pertinente a dicha moción bajo la Regla 56."

De acuerdo con estos principios, somos de opinión que las cortes pueden admitir affidavits en apoyo de una moción para desestimar bajo la Regla 12(*b*)(6) y que asimismo procede la admisión de contraaffidavits por el demandante para impugnar los del demandado. El hecho de que no hayamos enmendado nuestra Regla 12(*b*)(6) en igual forma que la Regla federal, no impide que la interpretemos en tal forma liberal que ambas queden equiparadas.

Hasta ahora hemos estado considerando únicamente la cuestión de procedimiento, es decir, la admisibilidad o no de affidavits bajo la Regla 12(*b*)(6). Resuelto en la afirmativa, ¿cuál es el alcance que debe dárseles una vez admitidos? La contestación parece obvia. Si de acuerdo con los affidavits no queda ningún hecho material en controversia,

procede dictar sentencia sumaria o desestimando la demanda. Si aún existe dicho hecho material en controversia, no procede. Desde luego, que las cortes deben actuar con cautela, tanto al aplicar la Regla 12(*b*)(6) como la Regla 56, de manera que "a las partes siempre se les conceda un juicio, cuando exista una disputa *bona fide* de hechos entre ellas, *Sartor* v. *Arkansas Gas Corp.,* 321 U. S. 620," *Associated Press* v. *United States,* 326 U. S. 1, 6; ya que " . . . un litigante tiene derecho a un juicio cuando exista la más mínima (slightest) duda en cuanto a los hechos . . . ," *Doehler Metal Furniture Co., Inc.* v. *United States,* 149 F.2d 130, 135 (C.C.A. 2, 1945).

En el caso de autos si bien la corte inferior no erró al admitir los affidavits radicados por el demandado con su moción para desestimar bajo la Regla 12(*b*)(6) y dictar setencia desestimando la demanda al no ser controvertidos dichos affidavits por el demandante, sí erró al no reconsiderar la sentencia dictada cuando el demandante radicó con su moción de reconsideración, affidavits que no sólo tendían a sostener las alegaciones de la demanda, sino que controvierten los affidavits radicados por el demandado, en cuanto al hecho material en controversia sobre la prescripción de la acción. Ese hecho material que surge no obstante los affidavits, no podía ser resuelto por la corte sumariamente sino que debe ser dilucidado y resuelto por la prueba que se presente en el juicio correspondiente después de contestada la demanda.

*Procede, por lo expuesto, la revocación de la sentencia dictada y devolverse el caso para ulteriores procedimientos.*