H. I. Hettinger & Company, peticionaria, *v.* Tribunal de Distrito de San Juan, Hon. Jesús A. González, Juez, demandado; Félix A. León, interventor.

Núm. 1757.—*Sometido:* Junio 1, 1948. *Resuelto:* Julio 12, 1948.

*McConnell & Valdés*, abogados de la peticionaria; *R. Martínez Álvarez* y *R. Martínez Álvarez, Jr.*, abogados del interventor, demandante en el pleito principal.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Félix A. León acudió ante el Tribunal de Distrito de San Juan con una demanda contra H. I. Hettinger & Co. y H. I. Hettinger, alegando sustancialmente que demandante y demandados celebraron un contrato de sociedad, por el cual se convino la contribución mutua a un capital común y participación en las ganancias; que en cumplimiento de su obligación él entregó a los demandados y éstos recibieron a entera satisfacción la suma de $5,000, procediendo él al debido cumplimiento de sus deberes bajo el contrato social; que en 29 de noviembre de 1946 y por mutuo convenio de las partes dicha sociedad fué disuelta, entregándole los demandados el capital de $5,000 por él aportado, y comprometiéndose éstos a "entregarle una parte de las ganancias derivadas de la obra en la fecha en que dicho contrato sea liquidado y sepamos el monto de dichas ganancias"; y que a pesar de los requerimientos que ha hecho a los demandados para que éstos hagan efectivo el pago de las ganancias habidas desde el comienzo de la sociedad, los demandados se han negado a proceder a una liquidación y arreglo de cuentas.

El demandado Hettinger contestó negando todas las alegaciones de la demanda y alegando que la demanda no aduce hechos constitutivos de una causa de acción en cuanto a él. H. I. Hettinger & Co. contestó admitiendo la celebración de un contrato y el haber recibido los $5,000 a que se hace referencia en la demanda, así como que dicho contrato fué rescindido por mutuo convenio de las partes. Negó las demás alegaciones de la demanda, y alegó, como defensa especial, que ésta deja de exponer hechos determinantes de una causa de acción y que de haber existido una sociedad entre ella y el demandante, la misma fué rescindida por mutuo acuerdo, habiendo el demandante hecho con la demandada un nuevo contrato de acuerdo y satisfacción (*accord and satisfaction*) mediante el cual el primero recibió a su entera satisfacción la devolución de los $5,000 y la demandada quedó relevada de toda otra obligación bajo el referido contrato, así como de toda obligación ulterior para con el demandante; y que desde que se rescindió dicho contrato por mutuo acuerdo no ha existido contrato alguno entre las partes.

También radicaron los demandados una moción para que se dicte sentencia sumaria, acompañada de un *affidavit* suscrito por el demandado Hettinger. A esa moción presentó el demandante una oposición, acompañada igualmente de affidavit.

Sometida la moción de sentencia sumaria a la consideración del tribunal inferior, éste la declaró con lugar y desestimó la demanda, con costas al demandante. Solicitada reconsideración por el demandante dicho tribunal dictó resolución reconsiderando su sentencia y declarando sin lugar la aludida moción de los demandados. Libramos el auto en este caso para revisar esa resolución.

Sostiene el interventor Félix A. León que este Tribunal carece de jurisdicción para conceder el auto de *certiorari* solicitado por los peticionarios (*a*) porque el mismo no está autorizado por la ley; (*b*) porque el declarar sin lugar una

solicitud de sentencia sumaria no constituye error de procedimiento; (c) porque el caso de *Ramos Mimoso* v. *El Pueblo,* 67 D.P.R. 640, no es de aplicación al de autos; (d) porque las cortes deben actuar con cautela al aplicar la Regla 56; (e) porque la expedición de un auto de certiorari es discrecional en este Tribunal; y (f) porque el mero hecho de que una resolución no sea apelable no determina la procedencia del auto. En respuesta a las contenciones hechas por el interventor bajo las letras (a), (b) (e) y (f) que anteceden nos bastará citar la opinión emitida por este Tribunal con fecha 23 de junio de 1948 en el caso número 9628, intitulado *Pérez* v. *Tribunal de Distrito,* ante, pág. 4, en el cual hacemos un estudio detenido del auto de certiorari y de los casos en que la expedición del mismo procede. Las contenciones que aparecen bajo las letras (c) y (d) serán discutidas en el curso de esta opinión.

■ ■ Dispone la Regla 56 (b) (c) de las de Enjuiciamiento Civil para las cortes de Puerto Rico, que:

"(b) Una parte contra la cual se haya formulado una reclamación, reconvención o reclamación recíproca, o contra la cual se solicite una sentencia declaratoria, podrá, en cualquier momento, presentar una moción, basada o no en *affidavits,* para que se dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la misma."

"(c) La moción se notificará a la parte contraria con diez días por lo menos de anticipación a la fecha especificada para la vista. Con anterioridad al día de la vista, la parte contraria podrá radicar y notificar affidavits en oposición. *La sentencia solicitada se dictará inmediatamente si las alegaciones, deposiciones y admisiones hechas junto con los affidavits, si los hubiere, probaren que, con excepción de la cuantía de los daños, no hay controversia real en cuanto a ningún hecho material, y que la parte que haya presentado la moción tiene derecho a sentencia como cuestión de ley.*" (Bastardillas nuestras.)

¿Procedía la sentencia sumaria en el presente caso? Esa es la cuestión medular a ser resuelta. Como ya hemos indicado, al presentar los demandados su moción sobre sen-

tencia sumaria ellos acompañaron una declaración jurada suscrita por el demandado Hettinger. El demandante también acompañó un affidavit con su oposición. La Regla 56, supra, claramente admite la radicación de tales affidavits. Al resolver la moción el tribunal tomará en consideración, naturalmente, lo que en éstos se expone. La sentencia sumaria procederá entonces si de acuerdo con tales declaraciones juradas no quedare ningún hecho material en controversia. De haberlo, la corte se abstendrá de dictar semejante sentencia. *Ramos* v. *Pueblo*, supra. Sin embargo, al resolver mociones solicitando sentencia sumaria las cortes actuarán siempre con cautela y tales mociones no serán sostenidas cuando existe una disputa *bona fide* de hechos entre las partes. *Sartor* v. *Arkansas Gas Corp.*, 321 U.S. 620; *Associated Press* v. *United States*, 326 U.S. 1, 6.

■ ■ Ahora bien, aunque según la demanda radicada por el interventor el caso parece girar en torno al alcance que ha de darse a la alegación de que los demadados se comprometieron a entregar al demandante una parte de las ganancias derivadas de la obra en la fecha en que el contrato por ellos celebrado fuera liquidado y se supiera el monto de las ganancias, es incuestionable que para resolver la moción sobre sentencia sumaria ha de tomarse en consideración no sólo lo allí alegado y lo expuesto en la contestación de los demandados, sí que también cuanto figura en los affidavits radicados por las partes en apoyo de sus respectivas pretensiones. En el radicado por el demandado Hettinger se copia una carta dirigida por el interventor León en 22 de noviembre de 1946 a la corporación demandada que, traducida al castellano, reza así: (¹)

---

(¹)Dicha carta, según fué originalmente escrita en el idioma inglés, lee así:

"I have received all your nasty notes: You know very well that I am fed up with you: I want my release; Send me a check for $5,000 that I gave you for overhead participation, and let's call it a day, I think this is all you want: I will be here until the end of the month."

"He recibido todas tus ofensivas cartas. Tú sabes muy bien que estoy harto de tí. Quiero quedar relevado de toda responsabilidad. Mándame un cheque por $5,000 que yo te dí por mi participación en gastos generales y demos por terminadas nuestras relaciones. Creo que esto es todo lo que quieres. Estaré aquí hasta el final del mes."

En el affidavit de Hettinger se declara además que en 29 de noviembre de 1946 los demandados escribieron una carta a León aceptando su petición de quedar relevado de toda responsabilidad de acuerdo con el contrato, le enviaron un cheque por la suma de $5,000 que él había pedido, y le dijeron:

"Aunque todo esto tiene el efecto de cancelar nuestro contrato, es mi actual intención entregarle a usted una parte de las ganancias derivadas de la obra en la fecha en que dicho contrato sea liquidado y sepamos el montante de dichas ganancias. Espero que usted podrá recordar los dos meses pasados con nosotros como una ventura lucrativa."(²)

Empero, como en la declaración jurada acompañada por el interventor a su oposición a la moción para que se dicte sentencia sumaria aparece el siguiente párrafo:

"El infrascrito declara que el señor H. I. Hettinger, abusando de su derecho y del puesto que ocupaba, se valió de insultos, ofensas, sátiras e imposiciones que inspiraron al infrascrito el temor racional y fundado de sufrir mal inminente en su reputación de ingeniero, y en la estimación y respeto que hasta entonces el deponente había gozado ante sus subalternos, y el deponente jura que actuando bajo dicho temor razonable, la voluntad del infrascrito se transformó en la voluntad del señor H. I. Hettinger, impidiéndole expresar la propia suya, resultando de ello que el deponente el 22 de noviembre de 1946 escribiera al señor H. I. Hettinger la siguiente carta cuya lectura revela la actitud de ánimo en que el deponente se hallaba cuando la escribiera,"

---

(²)La carta de 29 de noviembre de 1946 también fué escrita en inglés. El párrafo anterior aparece así en dicho idioma:

"Although all this cancels our agreement it is my present intention to turn over to you portion of the profits of the job at such time as the contract is liquidated and we know what those profits are. I hope that you will be able to look back on your two months with us as a profitable venture."

el mismo deberá también ser tomado en consideración a los efectos de la moción radicada.

No hay duda de que en la demanda original no hay alegación alguna sobre intimidación, pero cuando en un affidavit archivado en oposición a una moción para que se dicte sentencia sumaria aparecen hechos que van más allá de las alegaciones de la demanda y que justifican se autorice una enmienda a la misma, no debe impedirse semejante enmienda dictando una sentencia sumaria. *Rossiter* v. *Vogel,* 134 F.2d 908. También se ha resuelto que si en el affidavit radicado por la parte demandante aparecen hechos que van más allá de las alegaciones de la demanda, ésta puede considerarse como si realmente hubiese sido enmendada para ajustarla a lo expuesto en dicho affidavit. *Seaboard Terminal Corporation* v. *Standard Oil Co.,* 104 F.2d 659.

■■ En el presente caso el affidavit de León va más allá que la demanda en sí. Ahora bien, ¿cumple dicho affidavit con lo exigido por la indicada Regla en su inciso (*e*) y con la interpretación que a la misma se ha dado? Creemos que no. La Regla 56 en su aludido inciso reza en lo pertinente así:

"(*e*) *Forma de los Affidavits; Testimonio Adicional.*—Los *affidavits* en apoyo y en oposición de tal moción, se harán basados en conocimiento personal, contendrán aquellos hechos que serían admisibles en evidencia, y mostrarán afirmativamente que el declarante es competente para testificar en cuanto a las cuestiones declaradas en los mismos. . . . . ."

Interpretando ese inciso nos encontramos en el Vol. 3 de Moore's *Federal Practice,* pág. 3187, con que "el affidavit debe presentar evidencia y no ser una repetición de las aseveraciones o negativas contenidas en las alegaciones (*pleadings*);" y con que "No basta que el declarante manifieste que tiene conocimiento personal de los hechos expuestos, sino que en detalle debe exponer hechos demostrativos de su conocimiento personal."

En 4 *Fordham Law Review*, 1935, aparece a las págs. 186 y siguientes un artículo suscrito por el Juez Bernard L. Shientag de la Corte Suprema de Nueva York sobre Sentencias Sumarias y en él nos dice a la pág. 198:

"El affidavit debe tener secuencia lógica. Indicar si el deponente es mayor de 21 años de edad, o especificar su edad exacta, dirección, ocupación actual y su relación con el caso. Deberá exponer entonces en forma clara y concisa los hechos, los hechos evidenciarios (*evidentiary facts*), no los hechos últimos o las conclusiones de hechos de que el deponente tenga conocimiento personal. . . . . Dejad que la declaración jurada siga sustancialmente la misma forma que si el declarante estuviera prestando testimonio ante la corte. Ése es siempre el método más sabio a seguirse."

En *Seward* v. *Nissen*, 2 F.R.D. 545, se sienta el principio de que "los affidavits radicados por una parte en apoyo o en oposición a una moción o sentencia sumaria deberán contener evidencia," citándose las palabras del Juez Shientag ya copiadas. Véanse también *Peckham* v. *Ron Rico Corporation*, 10 *Federal Rule Service*, 29; 1946, *Annual Survey of American Law*, 1134, 1135; *Avrick et al.* v. *Rockmont Envelope Co.*, 155 F.2d 568; y *Schreffler* v. *Bowles*, 153 F.2d 1.

Considerados el inciso (e) de la Regla 56 y la interpretación dada al mismo, se hace indispensable determinar si el affidavit radicado por León, a que tantas veces nos hemos referido, contiene hechos que serían admisibles en evidencia y si el mismo muestra afirmativamente que el declarante es competente para testificar en cuanto a las cuestiones en él declaradas. En el indicado affidavit León manifiesta que Hettinger abusando de su derecho y del puesto que ocupaba se valió de insultos, ofensas, sátiras e imposiciones que inspiraron en él el temor racional y fundado de sufrir mal inminente en su reputación de ingeniero. Tales manifestaciones son sin duda conclusiones del deponente y en manera alguna podría decirse que se trata de hechos que serían admisibles en evidencia y en relación con los cuales León podría declarar ante una corte. No nos dice él en qué consistieron

los insultos, ni las ofensas, sátiras e imposiciones. Bajo estas condiciones su affidavit no cumple con los requisitos exigidos por la mencionada Regla y el mismo no hace, por ende, surgir una controversia real sobre un hecho material que impida se dicte sentencia sumaria.

El presente litigio surge, como se ha visto, de la carta escrita en 29 de noviembre de 1946 por los demandados a León. Si en ella los demandados se hubieran limitado a devolver a León los $5,000 que éste había aportado al negocio y a dar por terminado el mismo, indudablemente que el presente litigio no se hubiera radicado. Pero fueron más allá en su indicada carta y dijeron en ella: ". . . .es mi actual intención entregarle a usted una parte de las ganancias derivadas de la obra en la fecha en que dicho contrato sea liquidado y sepamos el montante de dichas ganancias. . . ." No obstante, dichas palabras no pueden interpretarse como una promesa de la cual surge una obligación exigible. Ellas constituyen más bien un acto de liberalidad de parte de los demandados. No hubo consideración alguna para el mismo y no surgió un contrato entre las partes. Fué un error de la corte inferior haber reconsiderado, puesto que claramente procedía la sentencia sumaria que originalmente dictó.

*Debe anularse la resolución dictada por la corte a quo en 11 de febrero de 1948 y dictarse sentencia sumaria declarando sin lugar la demanda en todas sus partes, con costas al interventor.*

El Juez Asociado Sr. De Jesús no intervino.