Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| SUCESIÓN JORGE EDUARDO GONZÁLEZ RODRÍGUEZ COMPUESTA POR VALERIE ANNE GONZÁLEZ BEIL; MARIE GEORGIE GONZÁLEZ BEIL; MARÍA ELENA GONZÁLEZ BEIL Y JORGE EDUARDO GONZÁLEZ BEIL<br><br>Apelados<br><br>V.<br><br>CORPORACIÓN AGRÍCOLA AMORÓS Y TECSECURE, INC.<br><br>Apelante | KLAN202400237 | Apelación procedente del Tribunal de Primera Instancia Sala de Superior de Guayama<br><br>Caso Núm.: GM2024CV00049<br><br>Sobre: Acción de Retracto |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de abril de 2024.

Comparecen la Corporación Agrícola Amorós y Tecsecure, Inc. (denominados en común, parte apelante), mediante recurso de *Apelación* en el que nos solicitan que revoquemos una *Sentencia* dictada el 12 de febrero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Guayama (TPI).[1] En esta determinación, el foro primario declaró ha lugar una *Moción en Cumplimiento de Orden sobre Desistimiento y Otros Extremos* presentada por los demandantes, entiéndase, Valerie Anne González Beil, también conocida por Valerie Ann Sanders; Mari Georgie González Beil,

---

[1] Apéndice de la *Apelación* de la parte apelante, Anejo I, págs. 1-2. Archivada y notificada en autos el 14 de febrero de 2024.

también conocida por Marie G. Coleman; María Elena González Beil, también conocida por Elena Buresh; y Jorge Eduardo González Beil; miembros de la Sucesión Jorge Eduardo González Rodríguez (en adelante, Sucesión González-Rodríguez o parte apelada) y en consecuencia, archivó la reclamación sin perjuicio y sin especial imposición de costas, gastos y honorarios legales.

Tras evaluar el expediente ante nuestra consideración, *confirmamos* la Sentencia apelada. Explicamos.

**-I-**

El Sr. Jorge Eduardo González Rodríguez y la Corporación Agrícola Amorós mantenían una comunidad de bienes sobre dos fincas denominadas en conjunto como el "Salitral", ubicadas entre los municipios de Guayama y Salinas, Puerto Rico. En específico, el señor González Rodríguez era dueño en común pro indiviso del cincuenta por ciento (50%) de dos fincas rústicas: la finca número 8,303 registrada en el folio 182 del tomo 210 de Salinas y la finca número 13,992 inscrita en el folio 132 del tomo 390 de Guayama, ambas en el Registro de la Propiedad de Guayama. Por otro lado, la Corporación era dueña del otro cincuenta por ciento (50%) de las propiedades descritas anteriormente.

El 7 de noviembre de 2018, el señor González Rodríguez falleció. Eventualmente, el 22 de abril de 2019, el Tribunal de Primera Instancia, Sala Superior de Guayama, declaró como únicos y universales herederos del causante González Rodríguez a sus tres hijas y su único hijo, la parte apelada en el caso de epígrafe. A tales efectos, la Sucesión González-Rodríguez adquirió el cincuenta por ciento (50%) del "Salitral".[2]

---

[2] Resolución emitida por el Juez Oscar M. González Rivera del Tribunal de Primera Instancia, Sala Superior de Guayama, caso identificado con el alfanumérico GM2019CV00134. Véase Entrada Núm. 1, Anejo 1, págs. 1-2, del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

El 6 de noviembre de 2023, la Corporación, representada por el Sr. Manuel Guerra Mondragón, vendió a Tecsecure, Inc. (en adelante, TEC), también representada por el señor Guerra Mondragón, el cincuenta por ciento (50%) que poseía de las fincas por la suma de $191,400.00.[3] Cabe resaltar que, la escritura de compraventa correspondiente a este negocio jurídico fue autorizada por la Lcda. Nanette Rickenbach Ojeda, la representante legal de la parte apelante en el caso de epígrafe.[4]

El 23 de noviembre de 2023, a través del señor Guerra Mondragón, TEC envió una carta a la Sucesión González-Rodríguez en la que informó que adquirió mediante una compraventa con la Corporación la participación del cincuenta por ciento (50%) de las fincas.[5] Manifestó que, a partir de ese negocio jurídico, se compuso una nueva comunidad de bienes entre la Sucesión González-Rodríguez y TEC, salvo que alguno ejerza el derecho de retracto dentro del término establecido en ley. Además, le propuso a la parte apelada dos alternativas para adquirir la participación de sus cuotas dentro de un período de exclusividad. Por la misma línea, sugirió compartir cualquier tasación realizada para revisar los precios sugeridos y lograr un consenso beneficioso para todas las partes. Por último, invitó a la Sucesión González-Rodríguez a coordinar una llamada telefónica para atender cualquier asunto relacionado con las fincas.

Eventualmente, la Sra. Valerie Anne González Beil, también conocida por Valerie Ann Sanders, respondió la misiva de TEC.[6] En detalle, indicó que estaba contestando la propuesta enviada el 22 de noviembre de 2023 en nombre de todos sus hermanos. Agregó que la propuesta es similar a otras recibidas anteriormente para su

---

[3] Apéndice del recurso de *Apelación* de la parte apelante, Anejo II, págs. 3-16.
[4] *Íd.*
[5] *Íd.*, Anejo III, págs. 17-19. La carta lleva la fecha del 22 de noviembre de 2023.
[6] *Íd.*, Anejo IV, págs. 20-21.

consideración. Afirmó que, para evaluar la oferta de manera informada, necesitaban revisar todos los documentos relacionados con la transacción en la que TEC adquirió las fincas de Corporación. Por consiguiente, solicitó una serie de documentos, que incluyen: resoluciones corporativas de TEC y Corporación; escritura de compraventa; inscripción en el Registro de la Propiedad; documentos presentados ante el Departamento de Estado; entre otros.

El 25 de enero de 2024, la Sucesión González-Rodríguez presentó una acción de retracto de comuneros, al amparo del Artículo 1056 del Código Civil de Puerto Rico, 31 LPRA sec. 8872, en contra de la parte apelante.[7] En su reclamación, sostuvo que la Corporación estaba al tanto de que la Sucesión González-Rodríguez poseía el cincuenta por ciento (50%) de las fincas y nunca le ofreció venderle su participación del otro cincuenta por ciento (50%) de cada propiedad, según exige el derecho de tanteo otorgado a todo copropietario. Asimismo, argumentó que la Sucesión González-Rodríguez, como copropietaria, tiene a su favor el derecho de retracto para evitar la enajenación de las fincas por parte de la Corporación a favor de TEC. En consecuencia, la parte apelada solicitó al foro primario que ordenara a Corporación venderle a la Sucesión González-Rodríguez las propiedades objeto de compraventa al mismo precio acordado con TEC.

El 29 de enero de 2024, sin someterse a la jurisdicción del tribunal de instancia, la parte apelante presentó una *Solicitud de Desestimación con Perjuicio al Amparo de la Regla 10.2(5) de Procedimiento Civil.*[8] A través de esta solicitud, planteó que: (1) la causa de acción estaba prescrita; (2) la demanda no fue perfeccionada según establecen las disposiciones sobre retracto del

---

[7] *Íd.*, Anejo V, págs. 22-27.
[8] *Íd.*, Anejo VI, págs. 28-35.

Código Civil de Puerto Rico; (3) la Sucesión González-Rodríguez no consignó la cuantía del precio de venta por la cual reclama ejercer el derecho de retracto de comuneros; y (4) aun tomando como ciertas todas las alegaciones bien hechas, la demanda no expuso una reclamación que justifique la concesión de un remedio contra la Corporación y TEC. En virtud de lo anterior, solicitó la desestimación de la demanda con perjuicio.

Así las cosas, el 7 de febrero de 2024, la Sucesión González-Rodríguez presentó una *Moción en Cumplimiento de Orden, Sobre Desistimiento y Otros* Extremos.[9] En primer lugar, argumentó que la solicitud de desestimación no procede en derecho por las siguientes razones: (1) los codemandados no han sido emplazados en este caso, por lo que su moción es prematura a la luz de la Regla 36.2 de Procedimiento Civil, esto, a pesar de que aseveraron no someterse a la jurisdicción del TPI; (2) en este caso, existen controversias de hechos esenciales y pertinentes que impiden la concesión del remedio solicitado por las codemandadas por cuanto está en controversia la validez de la escritura objeto de la moción presentada; y (3) debido a que la solicitud de desestimación fue presentada cuatro (4) días después de la demanda, la Sucesión González-Rodríguez no ha tenido la oportunidad de realizar un descubrimiento de prueba, requisito indispensable para disponer de dicha moción.

En segundo lugar, la Sucesión González-Rodríguez sostuvo que el negocio jurídico de compraventa entre Corporación y TEC adolece de defectos que violan la Ley Notarial de Puerto Rico y la fe pública conferida a la notaria Rickenbach Ojeda. En síntesis, enfatizó que la Sucesión González-Rodríguez y la Corporación son dueñas en común pro indiviso de las fincas, conformando así una

---

[9] *Íd.*, Anejo VII, págs. 36-41.

comunidad de bienes en la que cada integrante posee una cuota indivisa del cincuenta por ciento (50%) en el inmueble. Señaló que, al tratarse de un bien inmueble en comunidad, sin que haya sido dividido mediante acuerdo de comuneros o procedimiento judicial, resulta imposible la venta del cincuenta por ciento (50%) de las fincas, ya que esa porción no está definida. A su vez, indicó que no es posible determinar que alguna porción en particular pertenece exclusivamente a uno de los comuneros. Por esto, sostuvo que la Corporación no tenía la facultad de vender el cincuenta por ciento (50%) de las fincas sin el consentimiento de todos los miembros de la comunidad, lo que implicó que TEC nunca adquirió el dominio de las fincas. Asimismo, la parte apelada adujo que la escritura de compraventa no incluyó las advertencias legales pertinentes a un inmueble que forma parte de una comunidad hereditaria que aún no ha sido dividida.

Por último, la Sucesión González-Rodríguez alegó que era necesario iniciar un proceso de nulidad de escritura ante el Tribunal Supremo de Puerto Rico. Específicamente, planteó que tanto la Corporación como TEC comparecieron ante el TPI representadas por la misma abogada, quien además fue la notaria que autorizó la escritura de compraventa que ahora defiende en su calidad de abogada-notaria. Afirmó que la conducta realizada por la abogada está proscrita por nuestro ordenamiento jurídico en materia ético-notarial. En consideración a lo antes expuesto, la Sucesión **desistió sin perjuicio de la reclamación**. No obstante, dejó constancia expresa de su derecho a ejercer acciones legales, incluida la posibilidad de entablar una demanda por daños y perjuicios contra todas las personas involucradas en esta transacción, la cual ha causado angustia, malestar y gastos innecesarios a la Sucesión González-Rodríguez.

El 12 de febrero de 2024, el TPI emitió una *Sentencia* en la que declaró ha lugar la solicitud de desistimiento presentada por la parte apelada. Como resultado, archivó la reclamación sin perjuicio y especial imposición de costas, gastos y honorarios legales.[10]

El 14 de febrero de 2024, la parte apelante presentó una *Urgente Solicitud de Reconsideración y Enmienda a Sentencia.*[11] En resumen, reafirmó que el 23 de noviembre de 2023, la parte apelada tomó conocimiento de la compraventa y el 26 de enero de 2024 presentó la demanda de epígrafe. Resaltó que transcurrieron treinta y cinco (35) días más allá del plazo establecido en el Artículo 1058 del Código Civil de 2020 para que un comunero ejerza el derecho de retracto ante un tercero. Finalmente, señaló que, al haber caducado la causa de acción, el foro primario carecía de jurisdicción para decretar el archivo de la acción legal sin perjuicio, lo que permitiría que la Sucesión González-Rodríguez vuelva a presentar la causa de acción caducada. Por lo anterior, solicitó que, mediante una enmienda *nunc pro tunc*, la demanda sea desestimada con perjuicio.

El 15 de febrero de 2024, la Sucesión González-Rodríguez presentó una *Oposición a Urgente Solicitud de Reconsideración y Enmienda a Sentencia.*[12] En síntesis, arguyó que la parte apelante insiste en la prescripción o caducidad de la acción de retracto a pesar de que la compraventa es radicalmente nula. Afirmó que, dado que la compraventa carece de validez jurídica, el plazo para presentar la acción de retracto nunca comenzó a transcurrir. En último lugar, aseveró que, en su solicitud de reconsideración, la parte apelante evitó abordar el hecho de que su representante legal incurrió en un conflicto de intereses al violar la prohibición de representar a la parte demandada como abogada en un litigio donde

---

[10] *Íd.*, Anejo I, págs. 1-2. Archivada y notificada en autos el 14 de febrero de 2024.
[11] *Íd.*, Anejo VIII, págs. 43-49.
[12] *Íd.*, Anejo IX, págs. 50-53.

se cuestiona la validez de la escritura que ella misma autorizó como notaria. Por esta razón, también alegó que existe un conflicto de intereses por representación simultánea adversa. Así las cosas, la Sucesión González-Rodríguez solicitó declarar sin lugar la solicitud de reconsideración presentada por la parte apelante.

El 20 de febrero de 2024, el foro primario emitió una *Resolución* en la que declaró no ha lugar la solicitud de reconsideración.[13] Además, reiteró que el desistimiento era sin perjuicio.

Inconforme con la decisión, la parte apelante acudió ante nosotros mediante el recurso que nos ocupa y le imputó al foro primario la comisión del siguiente error:

> Erró el TPI al determinar en su Sentencia que archivaba sin perjuicio una causa de acción caducada.

Para sustentar su postura, argumentó que el foro primario tuvo ante sí una solicitud de desestimación por caducidad presentada por la parte apelante y una moción de desistimiento presentada por la parte apelada. Sin embargo, el TPI optó por no considerar los argumentos de los apelantes sobre la caducidad y, en cambio, abordó los planteamientos sobre el desistimiento de la Sucesión González-Rodríguez, incumpliendo así su deber de desestimar la causa de acción por falta de jurisdicción. Aparte de esto, expresó que la única causa de acción instada por la Sucesión González-Rodríguez no solo está caducada y la fecha de su presentación ya prescrita, sino que también fracasó al no consignar la cuantía del precio de venta por el cual reclamaron ejercer el derecho de retracto de comuneros sobre TEC cuando presentaron la demanda. Por lo tanto, nos solicita que revoquemos la *Sentencia* para que el decreto de archivo del desistimiento sea con perjuicio, o

---

[13] *Íd.*, Anejo X, págs. 54-55.

en su defecto, que revoquemos para desestimar la causa de acción con perjuicio.

En respuesta, la Sucesión González-Rodríguez presentó su *Alegato en Oposición de la Parte Apelada*. Como parte de sus argumentos, expresó que al considerar que el negocio jurídico de compraventa carece de validez jurídica, notificó al foro de instancia su decisión de desistir de la demanda presentada, sin perjuicio. Además, fundamentó que el error señalado no se cometió debido a que: (1) la solicitud de desestimación presentada por la parte apelante no tuvo el efecto de privar a la Sucesión González-Rodríguez de su derecho a presentar un aviso de desistimiento sin permiso del tribunal; y (2) ante la proximidad de las fechas en que se presentó la demanda y se informó su desistimiento, y el hecho de que la parte apelante no había contestado la demanda ni solicitado se dictara sentencia sumaria, el TPI emitió la sentencia impugnada al amparo de la Regla 39.1 (a)(1) de Procedimiento Civil, por medio de la cual reconoció que la parte apelada estaba ejerciendo un derecho absoluto a renunciar a su reclamo, sin perjuicio de volver a presentarlo. En estas circunstancias, concluyó que, la sentencia apelada no es el resultado de un abuso de discreción judicial.

De otro lado, discutió que el remedio solicitado en la apelación no es justiciable por cuanto requiere la adjudicación de los méritos de un caso o controversia que no existe, toda vez que la Sucesión González-Rodríguez fue autorizada a desistir de su demanda. Además, indicó que no es correcta la argumentación de que el TPI carecía de jurisdicción sobre la materia para dictar la sentencia apelada debido a que la acción de retracto caducó. En concreto, afirmó que dicho argumento es una alegación sobre la aplicabilidad de una defensa afirmativa y no de una adjudicación judicial. Además, sostuvo que la parte apelante pretende no tan solo privar a la parte apelada de su derecho a establecer la nulidad del negocio

jurídico impugnado, sino también privar al TPI de su jurisdicción para adjudicar dicha controversia.

Por último, la Sucesión González-Rodríguez reiteró que la representación legal de la parte apelante actuó como la notaria que autorizó la escritura que intenta reflejar el contrato de compraventa cuya validez la parte apelada impugna, lo que justifica su descalificación por incompatibilidad de funciones y apariencia de conducta impropia.

Con el beneficio de la comparecencia de las partes, procedemos a discutir las normas jurídicas aplicables a este recurso.

**-II-**

**-A-**

El Artículo 1055 del Código Civil de 2020, 31 LPRA sec. 8871, define el retracto legal como "el derecho a subrogarse, con las mismas condiciones estipuladas en el contrato, en lugar de la persona que adquiere una cosa por compra o dación en pago". Entre los diferentes tipos de retracto legal provistos en nuestro sistema de derecho, existe el retracto de comuneros. En relación con este último, el Artículo 1058 del mismo código dispone que: "no puede ejercitarse el derecho de retracto legal sino dentro de treinta (30) días contados desde la inscripción en el registro, y en su defecto, desde que el retrayente haya tenido conocimiento de la venta." *Íd.*, sec. 8874.

Además del plazo establecido, para ejercer el derecho de retracto, el Artículo 1051 de la misma ley establece específicamente que:

> El vendedor no puede hacer uso del derecho de retracto sin reembolsar al comprador el precio de venta, y, además:
>
> (a) Los gastos del contrato, y cualquier otro pago legítimo para la venta; y
>
> (b) los gastos necesarios y útiles hechos en la cosa vendida. Para que pueda darse curso a las demandas de

retracto, se requiere que se consigne el precio si es conocido, o si no lo es, que se dé fianza de consignarlo luego que lo sea.

*Íd.*, sec. 8862.

Es importante destacar que, al interpretar las disposiciones relacionadas con el derecho de retracto en el derogado Código Civil de 1930, nuestro Tribunal Supremo enfatizó la necesidad de cumplir cabalmente con los requisitos estatutarios impuestos como condición para ejercer el retracto. *Moreno v. Morales et al.*, 187 DPR 429, 437 (2012); *González de Salas v. Charneco Vda. De Rivera*, 99 DPR 577, 582-583 (1971). Este enfoque de aplicación restrictiva del derecho está completamente justificado cuando consideramos que la acción de retracto resulta contraria al libre intercambio de bienes. *Moreno v. Morales et al.*, supra, págs. 437-439. Por esta razón, nuestro ordenamiento jurídico ha establecido ciertas condiciones ineludibles para atemperar los efectos que este proceso pueda tener en los derechos de las partes involucradas. *Íd.*

La facultad de ejercer el retracto se considera como un privilegio que afecta los derechos de propiedad de un adquirente, por lo que no admite ningún tipo de flexibilidad en sus términos. La propia esencia del derecho de retracto, al actuar como una condición que resuelve o limita el derecho de propiedad, requiere una interpretación estricta y no expansiva de las disposiciones que lo rigen. *Moreno v. Morales et al.*, supra, págs. 437-439, citando a *Felici v. Ribas, et al.*, 11 DPR 539, 545 (1906).

**-B-**

Las Reglas de Procedimiento Civil proveen un procedimiento expedito y sencillo para la tramitación de los casos ante los tribunales. Uno de estos procedimientos es el desistimiento, el cual implica una declaración de voluntad realizada por una parte donde anuncia su deseo de abandonar la causa de acción que interpuso en el proceso que se encuentra pendiente. *Pagán Rodríguez v. Pres,*

*Cáms. Legs.,* 206 DPR 277, 285-286 (2021), citando a J.A. Cuevas Segarra, *Tratado de derecho procesal civil,* 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1138.

En nuestro ordenamiento jurídico, la Regla 39.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.1(a), aborda las diferentes formas de desistimiento de las reclamaciones judiciales en el ámbito civil. Al respecto, dispone como sigue:

> (a) *Por el demandante; por estipulación.* Sujeto a las disposiciones de la Regla 20.5, una parte demandante podrá desistir de un pleito sin una orden del tribunal:
>
> (1) mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción de sentencia sumaria, cualesquiera de éstas que se notifique primero, o
>
> (2) mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito.
>
> A menos que el aviso de desistimiento o la estipulación exponga lo contrario, **el desistimiento será sin perjuicio**, excepto que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presente un demandante que haya desistido anteriormente en el Tribunal General de Justicia, o en algún tribunal federal o de cualquier estado de Estados Unidos de América, de otro pleito basado en o que incluya la misma reclamación.
>
> (b) *Por orden del tribunal.* A excepción de lo dispuesto en el inciso (a) de esta regla, no se permitirá al demandante desistir de ningún pleito, excepto mediante una orden del tribunal y bajo los términos y las condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio.
>
> (Énfasis nuestro).

El inciso (a) de la Regla 39.1, citado anteriormente, detalla las instancias en las que una parte demandante puede desistir de un pleito voluntariamente. De acuerdo con esta disposición, el demandante puede renunciar a su demanda en cualquier momento, y sin permiso del tribunal, antes de que se le notifique la contestación de la parte adversa o antes de que se presente una moción para dictar sentencia sumaria. *PRAMCO CV6, LLC v. Delgado Cruz,* 184 DPR 453, 459 (2012); *Tenorio v. Hospital Dr. Pila,* 159 DPR 777, 783-784 (2003). Asimismo, el inciso (a) de la Regla

39.1 contempla las circunstancias en las que el desistimiento se realiza mediante un acuerdo firmado por todas las partes que hayan comparecido en el pleito. Así pues, en virtud de este inciso, es suficiente la mera presentación del aviso de desistimiento ante el tribunal. *Pagán Rodríguez v. Pres, Cáms. Legs.,* supra, pág. 287; *PRAMCO CV6, LLC v. Delgado Cruz*, supra, pág. 459.

Cabe resaltar que, en cualquiera de las dos instancias contempladas en el inciso (a)(1) de la Regla 39.1, el desistimiento no admite oposición de la parte adversa. *García v. ELA*, 135 DPR 137, 145 (1994). A tales efectos, el derecho de la parte demandante de renunciar a su reclamación es absoluto y nada impide que pueda demandar nuevamente. *Pagán Rodríguez v. Rivera Schatz,* supra, 287. En otras palabras, el Tribunal Supremo ha expresado que, el aviso de desistimiento causa la inmediata terminación del litigio que inició el desistente, pero la causa de acción o reclamación ejercitada no se extingue y puede reclamarla una vez más. *Tenorio v. Hospital Dr. Pila,* supra, pág. 783, citando a Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, San Juan, Michie de Puerto Rico, 1997, Sec. 3904, pág. 275.

Por otro lado, el inciso (a) de la Regla 39.1 también establece las circunstancias en las que un desistimiento será con perjuicio, en cuyo caso se entenderá que hubo una adjudicación en los méritos. Lo anterior ocurre cuando el aviso de desistimiento es presentado por una parte demandante que ha desistido anteriormente de otro pleito basado o que incluya la misma reclamación ante el Tribunal General de Justicia, o algún tribunal federal o de cualquier estado de Estados Unidos. Esta situación se conoce como la doctrina de los dos desistimientos y solo aplica a los desistimientos realizados mediante el aviso del litigante y no por estipulación de las partes. *PRAMCO CV6, LLC v. Delgado Cruz,* supra, pág. 460.

El apartado (b) de la Regla 39.1 aborda aquellas instancias no contempladas por el inciso (a). *Agosto v. Mun. de Río Grande*, 143 DPR 174, 180 (1997). Específicamente, se refiere a casos en los que la parte adversa ha contestado la demanda o ha solicitado que se dicte sentencia sumaria, o cuando no se ha conseguido una estipulación de desistimiento suscrita por todas las partes que han comparecido al pleito. Véase *Wright & Miller, Federal Practice and Procedure: Civil 3d* Sec. 2368, págs. 567–570 (2008). En tales circunstancias, el demandante deberá presentar una moción al tribunal, la cual notificará a todas las partes que han comparecido ante el foro para renunciar en proseguir su reclamo. Bajo este escenario, el desistimiento no es absoluto y el tribunal tiene discreción judicial para finalizar el pleito e imponer las condiciones que estime pertinentes. *Ramos Báez v. Bossolo López*, 143 DPR 567, 571 (1997). Ello incluye que el desistimiento sea con perjuicio, lo que impediría que la parte demandante presente nuevamente su reclamo. *De La Matta v. Carreras*, 92 DPR 85, 95 (1965). Además, el tribunal puede incluso condicionar el desistimiento al pago de gastos y honorarios legales. *PRAMCO CV6, LLC v. Delgado Cruz*, supra, págs. 460-461.

Por estas razones, a menos que la orden en la que se aceptó el desistimiento no especifique lo contrario, un desistimiento según el inciso (b) será sin perjuicio. *De la Matta v. Carreras*, supra, págs. 94–95.

**-C-**

La Regla 10 de Procedimiento Civil, 32 LPRA Ap. V, permite a un demandado presentar tres tipos de mociones antes de contestar la demanda: (1) una moción de desestimación, (2) una moción para solicitar una exposición más definida, y (3) una moción eliminatoria. Reglas 10.2, 10.4 y 10.5 de Procedimiento Civil, 32 LPRA Ap. V, respectivamente; *Conde Cuz v. Resto Rodríguez*, 205 DPR 1043,

1065 (2020). La notificación de estas mociones interrumpe el término para presentar la alegación responsiva. Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V.

En específico, la Regla 10.2 de Procedimiento Civil, *supra*, permite a un demandado solicitar al tribunal que desestime la demanda antes de contestarla "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Conde Cuz v. Resto Rodríguez*, supra, pág. 1066; *Sánchez v. Aut. de los Puerto*, 153 DPR 559, 569 (2001). Esa solicitud deberá hacerse mediante una moción y basarse en uno de los fundamentos siguientes: (1) falta de jurisdicción sobre la materia o persona, (2) insuficiencia del emplazamiento o su diligenciamiento, (3) dejar de exponer una reclamación que justifique la concesión de un remedio, o (4) dejar de acumular una parte indispensable.

De manera similar, si de las alegaciones de la demanda surge que la acción está prescrita, un demandado puede presentar una solicitud de desestimación por prescripción conforme a la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V. Esta solicitud se fundamentará en la premisa de que la demanda deja de exponer una reclamación que justifique la concesión de un remedio. *Conde Cuz v. Resto Rodríguez*, supra; *Sánchez v. Aut. de los Puertos*, supra; *Rossy v. Tribunal Superior*, 80 DPR 729, 745–746 (1958), citando a *Ramos v. Pueblo*, 67 DPR 640, 644 (1947).

**-D-**

Los foros de instancia gozan de amplia discreción en la tramitación de los casos ante su consideración para asegurar la más eficiente administración de la justicia. *Vives Vázquez v. ELA*, 142 DPR 117, 143 (1996). Específicamente, **la discreción que tiene un tribunal de justicia se refiere a su facultad para resolver de una forma u otra, <u>o de escoger entre varios cursos de acción</u>**. *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 273 (2021); *Citibank et al. v. ACBI*

*et al.*, 200 DPR 724, 735 (2018); *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010); *García v. Padró*, 165 DPR 324, 334 (2005). Así, la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 711 (2019); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013). En efecto, la discreción "se nutre de un juicio racional [...] y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata- Rivera v. J.F. Montalvo*, supra, pág. 435.

En virtud de los anterior, la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia. *Citibank et al. v. ACBI et al.*, supra, pág. 735; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 306–307 (2012). Por lo tanto, los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por este en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto, y que la intervención en esa etapa evitaría un perjuicio sustancial a la parte afectada por su determinación. *BPPR v. Gómez-López*, 2023 TSPR 145, 213 DPR ____ (2023); *VS PR, LLC v. Drift-Wind*, supra, pág. 273; *Umpierre Matos v. Juelle, Mejías*, 203 DPR 254, 275-276 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-III-**

En el presente caso, debemos determinar si, al considerar la solicitud de desestimación presentada por la parte apelante y la solicitud de desistimiento presentada por la Sucesión González-Rodríguez, el foro primario incidió al declarar ha lugar la moción de

desistimiento y, como resultado de lo anterior, archivar la causa de acción <u>sin perjuicio</u>.

En esencia, la parte apelante nos presenta como único error que el foro primario incidió al determinar en su Sentencia que archivaba <u>sin perjuicio</u> una causa de acción caducada, en virtud de las normas sobre retracto de comuneros.

Es ampliamente conocido que los tribunales de instancia gozan de amplia discreción en la tramitación de los casos que tienen ante sí. *Vives Vázquez v. ELA,* supra, pág. 143. La discreción es la facultad que posee un tribunal para resolver de una forma u otra, o escoger entre varios cursos de acción**.** *VS PR, LLC v. Drift-Wind,* supra, pág. 273. En consecuencia, las decisiones tomadas por los foros primarios son objeto de gran deferencia por parte de los tribunales de apelación. *Citibank et al. v. ACBI et al.,* supra, pág. 735. En ese sentido, no debemos intervenir con las determinaciones emitidas por el Tribunal de Primera Instancia y sustituir el criterio utilizado por éste en el ejercicio de su discreción, a menos que se pruebe que dicho foro actuó con prejuicio, parcialidad, cometió un claro abuso de discreción, o incurrió en error manifiesto, y que la intervención en esta etapa evitaría un perjuicio sustancial a la parte afectada por su decisión. *BPPR v. Gómez-López,* supra; *VS PR, LLC v. Drift-Wind*, supra, pág. 273.

Después de una evaluación exhaustiva del expediente bajo nuestra consideración y de la normativa aplicable al caso, no encontramos razones que justifiquen preterir la deferencia otorgada al Tribunal de Primera Instancia. En consecuencia, llegamos a la conclusión de que el foro primario no incidió en su decisión. Explicamos.

De acuerdo con el inciso (a) de la Regla 39.1 de Procedimiento Civil, *supra,* una parte demandante puede desistir de un pleito voluntariamente. De manera específica, **la parte demandante**

**puede renunciar a su demanda en cualquier momento, y sin permiso del tribunal, antes de que se le notifique la contestación de la parte adversa o antes de que se presente una moción para dictar sentencia sumaria.** *PRAMCO CV6, LLC v. Delgado Cruz,* supra, pág. 459; *Tenorio v. Hospital Dr. Pila,* supra, pág. 783. Además, en ese contexto, el desistimiento no admite oposición de la parte adversa. *García v. ELA*, supra, pág. 145. De igual forma, el derecho de la parte demandante de renunciar a su reclamación es absoluto y no hay nada que impida que pueda presentar la demanda nuevamente. *Pagán Rodríguez v. Rivera Schatz,* supra, 287.

En este caso, el 7 de febrero de 2024, la Sucesión González-Rodríguez presentó una solicitud de desistimiento.[14] En esa fecha, la parte apelante aún no había contestado la demanda ni presentado una solicitud de sentencia sumaria. Si bien es cierto que la parte apelante presentó una solicitud de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, días antes, el 29 de enero de 2024, esto no equivale a una contestación a la demanda.[15] Por lo tanto, la parte apelada, haciendo uso del derecho otorgado por la Regla 39.1 (a) de Procedimiento Civil, *supra,* renunció a su reclamo sin perjuicio de la posibilidad de presentarlo nuevamente.

Asimismo, el Tribunal de Primera Instancia, haciendo uso de la discreción que posee en la tramitación de los casos que tiene ante sí, lo que le permite elegir entre diferentes cursos de acción, optó por conceder la solicitud de desistimiento. *VS PR, LLC v. Drift-Wind,* supra, pág. 273. Cabe resaltar que el TPI declaró la solicitud sin perjuicio, conforme lo establece la Regla 39.1 (a) de Procedimiento Civil, *supra.* Según esta regla, discutida en la Sección II de esta Sentencia, cuando la parte demandante presenta una solicitud de

---

[14] *Íd.*, Anejo VII, págs. 36-41.
[15] *Íd.*, Anejo VI, págs. 28-35.

desistimiento antes de que se haya contestado la demanda o se haya presentado una solicitud de sentencia sumaria, **el desistimiento será sin perjuicio**. Solo se declarará con perjuicio y tendrá el efecto de una adjudicación sobre los méritos si la parte demandante ha desistido anteriormente en el Tribunal General de Justicia, o en algún tribunal federal o estatal de los Estados Unidos de América, de otro litigio basado en o que incluya la misma reclamación. **Este último escenario no ocurrió en este caso**. Por lo tanto, el tribunal de instancia estaba en la obligación de declarar el desistimiento sin perjuicio.

Por otro lado, la parte apelada adujo que el TPI carecía de jurisdicción sobre la materia para dictar la sentencia apelada, debido a que la acción de retracto caducó. Sin embargo, no le asiste la razón. El foro primario tenía jurisdicción para abordar el caso, en particular para considerar la solicitud de desistimiento de acuerdo con la Regla 39.1 (a) de Procedimiento Civil, *supra.*

En resumen, no encontramos razones que justifiquen revocar la Sentencia apelada y determinar que el archivo debe hacerse con perjuicio. Además, en esta etapa de los procedimientos, y dado que el TPI actuó correctamente al declarar ha lugar la solicitud de desistimiento y archivó el caso sin perjuicio, no nos corresponde evaluar los méritos del caso. Específicamente, no podemos emitir una determinación acerca de la prescripción o caducidad del derecho de retracto. Tampoco nos corresponde, evaluar las actuaciones de la aboga-notaria, Nanette Rickenbach Ojeda, en los procedimientos anteriores y posteriores relacionados con este caso.

**-IV-**

Por los fundamentos que anteceden, *confirmamos* la Sentencia apelada.

Lo acuerda el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones