Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| JUAN WILBERTO HOWE HERNÁNDEZ; CLARYSSA CORREA MÁRQUEZ<br><br>**APELANTES**<br><br>v.<br><br>CONSEJO DE TITULARES DEL CONDOMINIO TORRE DE SAN MIGUEL; Y OTROS<br><br>**APELADOS** | KLAN202400602 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. SJ2022CV08925<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Pagán Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de junio de 2024.

## I.

El 17 de junio de 2024, el señor Juan Wilberto Howe Hernández (señor Howe Hernández o apelante) presentó una *Apelación* por la cual solicitó que revoquemos la *Sentencia en Reconsideración*[1] emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario) el 14 de mayo de 2024, notificada y archivada digitalmente en autos el 16 de mayo de 2024. En el dictamen, el TPI dejó sin efecto la *Sentencia*[2] emitida el 1 de mayo de 2023, notificada y archivada en autos el mismo día, por la cual, a petición de la señora Claryssa Correa Márquez (señora Correa Márquez) y el señor Howe Hernández (en conjunto, codemandantes), había dado por desistida **sin perjuicio** la causa de

---

[1] Apéndice de la *Apelación*, Anejo 1, págs. 1-23.
[2] *Íd.*, Anejo 6, págs. 164-166.

acción del pleito de marras, a tenor con las disposiciones del inciso (a) (1) de la Regla 39.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.1 (a) (1). Consecuentemente, el foro primario decretó el desistimiento **con perjuicio** de las reclamaciones del caso de epígrafe y archivó dicho pleito, a tenor con el inciso (b) de la Regla 39.1 (b) de Procedimiento Civil, Íd., R. 39.1 (b).

Por otra parte, debemos mencionar que la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5), le confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr su más justo y eficiente despacho. Dadas las particularidades de este caso, prescindimos de la comparecencia de la parte apelada.

**II.**

El caso de marras tuvo su génesis el 11 de octubre de 2022, cuando los codemandantes presentaron una *Demanda*[3] en contra del Consejo de Titulares del Condominio Torre de San Miguel (Consejo de Titulares); la Junta del Consejo de Titulares (Junta del Consejo de Titulares); el señor Carlos Sigfredo Figueroa Ocasio (señor Figueroa Ocasio), por sí y en representación de la Sociedad de Bienes Gananciales (SBG) compuesta por él y su esposa, la señora Ibelises Alicea; el señor Antonio L. Iguina González (señor Iguina González), por sí y como miembro de la SBG compuesta por él y su esposa, la señora Lymarie Colón Viader; S.C. Management, Corp.; la señora Angie Elia Campos Ramírez, por sí y como representante de la SBG compuesta por ella y su esposo; el señor Federico De Jesús (señor De Jesús); el señor Edilberto Rodríguez (señor Rodríguez), por sí y en representación de la SBG compuesta por él y su esposa; la señora Tanya Aguayo Díaz (señora Aguayo

---

[3] *Íd.*, Anejo 2, págs. 24-37.

Díaz); y varias entidades jurídicas y naturales (en conjunto, codemandados) en concepto de daños y perjuicios.

El señor Howe Hernández y la señora Correa Márquez arguyeron ser dueños y titulares de los apartamentos 804 y 1804, respectivamente, del condominio Torre de San Miguel sito en Guaynabo, Puerto Rico. Además, los codemandantes expusieron que la Junta del Consejo de Titulares estaba compuesta por varios titulares; a saber, (i) el señor Figueroa Ocasio como Presidente; (ii) el señor De Jesús como Vice-Presidente; (iii) el señor Iguina González como Secretario; (iv) el señor Rodríguez como Vocal; y (v) la señora Rodríguez como Tesorera.

Sostuvieron que, el 11 de julio de 2019, acudieron a una Asamblea Ordinaria en el condominio, empero, los codemandados trataron de celebrarla sin contar con el quórum necesario para ello y las personas presentes en dicha asamblea simularon elegir una nueva Junta de Directores. Según alegaron, el señor Figueroa Ocasio realizó expresiones dirigidas a mancillar la reputación y honra del apelante, y los codemandados permitieron que la señora Aguayo Díaz atacara y agrediera verbalmente a la señora Correa Márquez.

Los codemandantes expusieron que el señor Figueroa Ocasio y la señora Alicea circularon y realizaron comunicaciones verbales y escritas a través de las redes sociales y en presencia de los titulares del condominio cuyo contenido era en contra de la reputación y carácter del apelante. Alegaron también que estos codemandados tienen un patrón de persecución, acoso, y hostigamientos dirigidos a manchar la reputación y carácter del señor Howe Hernández.

Los codemandantes sostuvieron que comenzaron a exigir sus derechos por el deterioro de la planta física del condominio y por las condiciones financieras, y por ello, los codemandados tomaron represalias en contra de ellos. Además, expusieron que los

codemandados han realizado posibles delitos, fraude y/o crasamente culpables y/o negligentes relacionados a asuntos de aires acondicionados, seguro, guardias de seguridad, pago de servicios profesionales, uso de fondos, falta de fiscalización, hacer expresiones que le faltan a la honra y respeto de los codemandantes, entre otros.

Por lo anterior, el señor Howe Hernández solicitó una indemnización por la cantidad de $100,000.00 en concepto de daños sufridos. Por su parte, la señora Correa Márquez solicitó que los codemandados le resarcieran solidariamente la cantidad de $80,000.00 por daños.

Luego de varios trámites procesales, el 11 de enero de 2023, el Consejo de Titulares del condominio radicó una *Contestación a Demanda*[4] por la cual negó muchas de las alegaciones de los codemandantes. Sin embargo, realizó unas alegaciones afirmativas incluyendo, en lo pertinente, que (i) el 23 de mayo de 2019, la señora Correa Márquez presentó ante el Departamento de Asuntos del Consumidor de Puerto Rico (DACO) una *Querella* en el caso ***Claryssa Correa Márquez v. Junta de Directores del Cond. Torre de San Miguel***, C-SAN-2019-0004935, respecto a las controversias relacionadas a los extractores de aire y los alegados daños a su salud; (ii) el 12 de agosto de 2019, el señor Howe Hernández presentó ante dicha agencia otra *Querella* en el caso ***Juan W. Howe Hernández v. Consejo de Titulares del Condominio Torre San Miguel***, C-SAN-2019-0005331, para dirimir la validez de la asamblea celebrada el 11 de julio de 2019; (iii) el 13 de julio de 2020, los codemandantes presentaron ante el TPI el caso ***Juan Wilberto Howe Hernández v. Consejo de Titulares y Junta de Directores del Condominio Torre de San***

---

[4] *Íd.*, Anejo 3, págs. 38-72.

***Miguel***, GB2020CV00437,[5] respecto a las mismas controversias del caso de marras; (iv) que el caso de epígrafe y el caso con el alfanumérico GB2020CV00437 fueron presentados estando *sub judice* ante el DACO las reclamaciones sobre la validez de la asamblea el 11 de julio de 2019, y sobre los alegados daños sufridos a la salud de la señora Correa Márquez; (v) el 1 de marzo de 2021, el caso GB2020CV00437, fue desestimado **sin perjuicio** y dicha determinación[6] fue confirmada por un panel hermano de este Foro el 16 de junio de 2021, por el Tribunal de Apelaciones bajo el alfanumérico KLAN202100250 en el caso ***Juan Wilberto Howe Hernández v. Consejo de Titulares y Junta de Directores del Condominio Torre de San Miguel***;[7] y (vi) el 30 de noviembre de 2022, el DACO emitió una *Resolución Sumaria,* notificada el 1 de diciembre de 2022, de la *Querella* con el alfanumérico ***C-SAN-2019-0004935*** por la que, en lo pertinente, descartó todas las alegaciones hechas por la señora Correa Márquez relacionadas a haber sufrido daños como consecuencia del alegado problema con el sistema de extracción de aire en el condominio.

Posteriormente, el 30 de abril de 2023, los codemandantes presentaron un aviso de *Desistimiento* y fundamentaron el mismo en que "el derecho a desistir de un caso por el reclamante, y/o demandante, es uno ***absoluto***".[8]

El 1 de mayo de 2023, el Consejo de Titulares radicó una *Moción Solicitando que el Desistimiento de la Demandas sea Con Perjuicio.*[9] Por medio de esta, solicitó el desistimiento con perjuicio del caso de epígrafe, a tenor con el inciso (b) de la Regla 39.1 de Procedimiento Civil, *supra,* por tratarse del segundo caso por el cual solicitan compensación por los mismos hechos, y por entender que

---

[5] *Íd.*, Anejo 5, págs. 84-92.
[6] *Íd.*, págs. 93-113.
[7] *Íd.*, págs. 144-163.
[8] *Íd.*, Anejo 4, págs. 73-74.
[9] *Íd.*, Anejo 5, págs. 75-163.

los codemandantes no tienen derecho absoluto para desistir del mismo, pues ya habían contestado la *Demanda*.

El mismo 1 de mayo de 2023, el foro primario emitió una *Sentencia*,[10] notificada y archivada en autos ese mismo día, en la que decretó el archivo del caso de epígrafe, **sin perjuicio** y sin especial imposición de costas ni honorarios de abogado.

Al siguiente día, S.C. Management, Corp. presentó una *Moción en Solicitud de Reconsideración*[11] donde solicitó la reconsideración de la *Sentencia* emitida el 1 de mayo de 2023, pues sostuvo que, al tratarse de un dictamen sin perjuicio, ello expone a los codemandados a que los codemandantes radiquen una demanda por tercera ocasión. Asimismo, suplicó la desestimación con perjuicio de la *Demanda* del caso de autos por ausencia de jurisdicción del foro *a quo*. Esto último, arguyó S.C. Management, Corp., se debe a que el primer desistimiento fue con perjuicio.

Posteriormente, el 8 de mayo de 2023, los codemandantes radicaron una *Moción en Cumplimiento de Orden*[12] por la cual reiteraron que el derecho a desistir de un caso por la parte reclamante es uno absoluto. Además, arguyeron que el representante legal de estas desconocía que en otro proceso se estaban llevando unas acciones pendientes y que el perjuicio en el caso de marras podía afectarlas. Por último, expusieron que la determinación judicial de un desistimiento es totalmente discrecional.

El 11 de mayo de 2023, la señora Aguayo Díaz presentó una *Moción de Reconsideración de Sentencia Final (SUMAC #108)*.[13] Por medio de esta solicitó la desestimación con perjuicio de la *Demanda* solamente en cuanto a ella. Lo anterior, pues, según planteó la

---

[10] *Íd.*, Anejo 6, págs. 164-166.
[11] *Íd.*, Anejo 7, págs. 167-179.
[12] *Íd.*, Anejo 8, págs. 180-184.
[13] *Íd.*, Anejo 9, págs. 185-187.

señora Aguayo Díaz, el representante legal de los codemandantes había manifestado en corte abierta, durante la vista argumentativa celebrada el 24 de abril de 2023, que desistía con perjuicio en cuanto a ella.

El mismo 11 de mayo de 2023, el Consejo de Titulares del condominio radicó una *Moción Solicitando Reconsideración*[14] donde solicitó la reconsideración de la *Sentencia* recurrida, y que se ordenara el desistimiento con perjuicio, conforme al inciso (b) de la Regal 39.1 de Procedimiento Civil, *supra*. Apoyó su petición en la *Contestación a la Demanda* presentada el 11 de enero de 2023, la cual, según arguyó, desvaneció el derecho absoluto de los codemandantes a desistir de sus causas de acción previo a la presentación de alegaciones responsivas. También expuso que, no existiendo dicho derecho, el foro primario tenía facultad de tomar en consideración dos (2) asuntos; a saber, que (i) la señora Correa Márquez ha litigado sin éxito tres (3) veces los mismos daños por un supuesto problema en el sistema de extracción de aire del condominio; y (ii) los codemandantes han litigado sin éxito dos (2) veces los alegados daños a su reputación.

Luego de varios trámites procesales, el 14 de mayo de 2024, el TPI emitió una *Sentencia en Reconsideración*,[15] notificada y archivada en autos el 16 de mayo de 2024, por la cual, dejó sin efecto la *Sentencia* emitida el 1 de mayo de 2023 por haberse resuelto erróneamente conforme a las disposiciones del inciso (a) (1) de la Regla 39.1 de Procedimiento Civil, *supra*. Consecuentemente, el foro primario decretó el desistimiento **con perjuicio** de las reclamaciones del caso de epígrafe y archivó el mismo, a tenor con el inciso (b) de la Regla 39.1 (b) de Procedimiento Civil, Íd.

---

[14] *Íd.*, Anejo 10, págs. 188-199.
[15] *Íd.*, Anejo 1, págs. 1-23.

Específicamente, el foro primario determinó que, ante la presentación de la *Contestación a la Demanda* por parte del Consejo de Titulares, el derecho absoluto de los codemandantes para desistir sin consecuencias ulteriores desvaneció. Por lo tanto, cuando los codemandantes presentaron su solicitud de *Desistimiento* voluntario, tal solicitud quedó sujeta a la entera discreción del TPI incluyendo el desistimiento con perjuicio. En esa misma línea, el foro primario resolvió que los codemandantes habían sometido a los codemandados a dos (2) procedimientos judiciales, en un caso anterior bajo el alfanumérico GB2020CV00437-desistido sin perjuicio- y en el pleito de marras, con perfecta identidad de alegaciones; a saber, el señor Howe Hernández presentó las alegaciones sobre la validez de la Asamblea Ordinaria celebrada del 11 de julio de 2019; y la señora Correa Márquez plateó alegaciones sobre los supuestos daños de salud por los extractores de aire. En otras palabras, concluyó el foro *a quo* que sería irrazonable permitirles a los codemandantes reclamar nuevamente los mismos asuntos del pleito de marras y del caso GB2020CV00437, e incluso de los trámites administrativos C-SAN-2019-0004935 y C-SAN-2019-0005331, por tercera ocasión.

Por último, y respecto a la señora Aguayo Díaz, el foro *a quo* dictaminó el desistimiento respecto a esta codemandada, pues, surgió de los autos que, durante la vista argumentativa del 24 de abril de 2023, los codemandantes anunciaron el desistimiento con perjuicio de las reclamaciones incoadas contra esta. Por lo tanto, el TPI reconsideró su determinación sobre ello y decretó el archivo con perjuicio de las reclamaciones incoadas contra la señora Aguayo Díaz.

Inconforme, el 17 de junio de 2024, el señor Howe Hernández acudió ante este foro mediante una *Apelación* y le imputó al TPI el siguiente error:

**Primer error: Erró el Tribunal de Primera Instancia y abusó de su discreción al reconsiderar su Sentencia de archivo sin perjuicio y desestimar la demanda con perjuicio.**

A continuación, pormenorizaremos las normas jurídicas atinentes a este recurso de apelación.

**III.**

**A.**

Las Reglas de Procedimiento Civil, *supra*, proveen diversos procedimientos posteriores a la sentencia que tienen el propósito de corregir o modificar los errores cometidos. ***Otero Vélez v. Schroder Muñoz***, 200 DPR 76, 86 (2018). En lo pertinente, la solicitud de reconsideración "es uno de los mecanismos que nuestro ordenamiento jurídico provee para que una parte afectada adversamente por una determinación judicial solicite al tribunal que considere nuevamente su decisión". Íd; ***Patino Chirino v. Parador Villa Antonio***, 196 DPR 439, 448 (2016). También le permite al tribunal que dictó la sentencia o resolución la oportunidad de rectificar cualquier error que hubiese cometido. ***Otero Vélez v. Schroder Muñoz***, supra, pág. 86; ***Patino Chirino v. Parador Villa Antonio***, supra, pág. 448. A esos efectos, la Regla 47 de Procedimiento Civil, *supra*, R. 47, dispone expresamente que:

[…]

La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia.

La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales

[…]

A tenor con lo anterior, "la especificidad es el criterio rector que debe evaluarse al momento de determinar si una moción de reconsideración interrumpió el término para apelar o acudir en revisión". ***Morales y Otros v. The Sheraton Corp.***, 191 DPR 1, 12 (2014). Con excepción de mociones escuetas y sin fundamentos de ningún tipo, "una moción que razonablemente cuestiona la decisión y la cual fundamenta su planteamiento, será suficiente para cumplir con la regla". Íd. (*citando a* J.A. Cuevas Segarra, Tratado de derecho procesal civil, 2ª ed. rev., San Juan, Pubs. JTS, 2011, T. IV, pág. 1366).

**B.**

El desistimiento es aquella declaración de voluntad que realiza una parte por medio de la cual anuncia su deseo de abandonar su causa de acción en el proceso en el cual se encuentra pendiente. ***Pagán Rodríguez v. Rivera Schatz***, 206 DPR 277, 285 (2021). Asimismo, "'[e]l desistimiento encarna uno de los principios básicos del proceso [civil]: el principio dispositivo según el cual el demandante tiene derecho a disponer de su acción'". ***Pagán Rodríguez v. Rivera Schatz***, supra, págs. 285-286 (*citando a* R. Hernández Colón, Derecho procesal civil, 6ª ed. rev., San Juan, Ed. LexisNexis, 2017, pág. 414). Para dichos propósitos, la Regla 39.1 de Procedimiento Civil, *supra*, regula las distintas formas de desistimiento de las reclamaciones judiciales en el ámbito civil. ***Pagán Rodríguez v. Rivera Schatz***, supra, pág. 285; ***Pramco CV6, LLC v. Delgado Cruz***, 184 DPR 453, 458-459 (2012).

El inciso (a) de dicha regla, *supra,* R. 39.1 (a), dispone las instancias en las cuales la parte demandante puede desistir de un caso voluntariamente; esto es, sin una orden del tribunal. Dichas instancias serán por medio de un aviso de desistimiento, a tenor con la Regla 39.1 (a) (1) de Procedimiento Civil, *supra,* o una estipulación de desistimiento firmada por todas las partes, conforme a los incisos

(a) (2) de dicha regla, *supra*, R. 39.1 (a) (2). Ahora bien, para renunciar del pleito bajo estas circunstancias, tal renuncia debe surgir previo a la notificación de la contestación de la parte adversa o de una solicitud para que se dicte sentencia sumaria, cualquiera de las dos que se notifique primero. Regla 39.1 (a) de Procedimiento Civil, Íd; ***Pagán Rodríguez v. Rivera Schatz***, supra, ***Pramco CV6, LLC v. Delgado Cruz***, supra, pág. 459; ***Tenorio v. Hospital Dr. Pila***, 159 DPR 777, 782-783 (2003). De esta forma, "el derecho del demandante de renunciar a su reclamo es absoluto y nada le impide que pueda demandar nuevamente". ***Pramco CV6, LLC v. Delgado Cruz***, supra, pág. 459. Asimismo, el mero aviso del desistimiento será suficiente para que la parte demandante pueda desistir. ***Pramco CV6, LLC v. Delgado Cruz***, supra, pág. 459. Luego de ello, "'[e]l tribunal ordenará obligatoriamente el archivo y sobreseimiento de la acción sin discreción para obrar de otra forma'". ***Tenorio v. Hospital Dr. Pila***, supra, pág. 783 (*citando a* R. Hernández Colón, Práctica jurídica de Puerto Rico: Derecho procesal civil, San Juan, Michie de Puerto Rico, 1997, pág. 275).

El desistimiento bajo la Regla 39.1 (a) de Procedimiento Civil, *supra*, será sin perjuicio, a menos que el aviso de desistimiento o la estipulación exponga lo contrario. Regla 39.1 (a) de Procedimiento Civil, *supra*. Por otra parte, el desistimiento será con perjuicio cuando el aviso de desistimiento sea presentado por la parte demandante y esta haya renunciado de su caso previamente bajo un pleito distinto basado o que haya incluido la misma reclamación ante el TPI, algún tribunal federal o cualquier estado de Estados Unidos. Regla 39.1 (a) de Procedimiento Civil, *supra*; ***Pramco CV6, LLC v. Delgado Cruz***, supra, pág. 460.

**Por otro lado, el inciso (b) de la Regla 39.1 de Procedimiento Civil, *supra*, aplica cuando la parte adversa ha contestado la demanda**, ha solicitado que se dicte sentencia

sumaria, o cuando no se ha logrado una estipulación de desistimiento suscrita por las partes. ***Pagán Rodríguez v. Rivera Schatz***, supra, pág. 287. El inciso (b) de dicha regla, *supra*, dispone expresamente:

> (b) *Por orden del tribunal.* A excepción de lo dispuesto en el inciso (a) de esta regla, **no se permitirá al demandante desistir de ningún pleito, excepto mediante una orden del tribunal y bajo los términos y las condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio.** Énfasis suplido.

Bajo este escenario, la parte demandante debe presentar una moción al tribunal, la cual deberá notificarle a todas las partes en el pleito, para así renunciar en cuanto a la continuación de este. ***Pagán Rodríguez v. Rivera Schatz***, supra, pág. 287. Además, en este escenario, "el tribunal tiene discreción judicial para terminar el litigio e imponer las condiciones que estime pertinentes; entre estas, que el desistimiento sea con perjuicio e incluso que se ordene el pago de costas y honorarios de abogado". Íd.; ***Pramco CV6, LLC v. Delgado Cruz***, supra, pág. 461.

**IV.**

En el caso de marras, el TPI emitió una *Sentencia en Reconsideración* el 14 de mayo de 2024. Por medio de esta, dejó sin efecto la *Sentencia* emitida el 1 de mayo de 2024, por la cual acogió el aviso de desistimiento sin perjuicio de los codemandantes, a tenor con los incisos (a) (1) de la Regla 39.1 de Procedimiento Civil, *supra*, y decretó el desistimiento con perjuicio de las reclamaciones del pleito de marras, conforme al inciso (b) de dicha regla, *supra.* En síntesis y en lo pertinente, fundamentó su dictamen en que, ante la presentación de la *Contestación a la Demanda* por parte del Consejo de Titulares, el derecho absoluto de los codemandantes a desistir sin consecuencias desapareció. Además, ya habían sometido a los codemandados a dos (2) procedimientos judiciales, incluyendo el de

epígrafe y el caso GB2020CV00437, y este último fue desistido sin perjuicio.

Inconforme, el señor Howe Hernández planteó que el foro primario erró y abusó de su discreción al reconsiderar su *Sentencia* desistida sin perjuicio y posteriormente, emitir una *Sentencia en Reconsideración* donde desistió el caso de marras con perjuicio.

Tras un análisis objetivo y cuidadoso de la totalidad del expediente ante nuestra consideración, en correcta práctica jurídica apelativa, resolvemos que el TPI no incurrió en error, perjuicio, parcialidad ni abusó de su discreción al desestimar con perjuicio la *Demanda* del caso de marras, a tenor con la Regla 39.1 (b) de Procedimiento Civil, *supra*. Por el contrario, la determinación apelada es correcta en derecho.

Como se expuso en la sección anterior, la parte demandante en un pleito puede renunciar voluntariamente de su causa de acción, a tenor con la Regla 39.1 de Procedimiento Civil, *supra*. ***Pagán Rodríguez v. Rivera Schatz***, supra, pág. 285. Bajo el inciso (a) de dicha regla, *supra*, no se requiere de una orden del tribunal para desistir del caso, empero dicha renuncia debe surgir previo a la notificación de la contestación de la parte adversa o de una solicitud de sentencia sumaria. Este desistimiento será sin perjuicio, a menos que el aviso de desistimiento o estipulación exponga lo contrario. Regla 39.1 (a) de Procedimiento Civil, *supra*. Sin embargo, a tenor con el inciso (b) de Procedimiento Civil, *supra*, cuando la parte adversa ha contestado la demanda, ha solicitado sentencia sumaria, o cuando no se ha logrado una estipulación, no se permitirá desistir de ningún pleito, excepto bajo una orden del tribunal. ***Pagán Rodríguez v. Rivera Schatz***, supra, pág. 287. Bajo estas circunstancias, "el tribunal tiene discreción judicial para terminar el litigio e imponer las condiciones que estime pertinentes; entre estas, que el desistimiento sea con perjuicio e incluso que se

ordene el pago de costas y honorarios de abogado". Íd.; ***Pramco CV6, LLC v. Delgado Cruz***, supra, pág. 461.

En el presente caso, los codemandantes presentaron un aviso de *Desistimiento*, luego de la presentación de la *Contestación a la Demanda* por parte del Consejo de Titulares en un segundo pleito. Ante dicha ocurrencia, el desistimiento no podía ser voluntario bajo el inciso (a) de la Regla 39.1 de Procedimiento Civil, *supra*, sino bajo el inciso (b) de dicha regla, *supra*. Incluso, dicho aviso de desistimiento quedó sujeto a la entera discreción del TPI incluyendo el desistimiento con perjuicio. En esa misma línea, los codemandantes habían presentado el caso GB2020CV00437, e incluso unos trámites administrativos C-SAN-2019-0004935 y C-SAN-2019-0005331, con idénticas alegaciones del caso de marras sobre la validez de la Asamblea Ordinaria celebrada del 11 de julio de 2019 y los supuestos daños de salud de la señora Correa Márquez a causa de los extractores de aire. En adición, el pleito GB2020CV00437 fue desistido sin perjuicio, por lo cual, tal como determinó el foro primario en el caso de epígrafe, es irrazonable permitirles a los codemandantes presentar las mismas alegaciones por tercera ocasión, actuación que pudiera ser seriamente cuestionada. Por lo tanto, determinamos que el foro *a quo* no incurrió en error al determinar que la desestimación del pleito de marras debía ser con perjuicio, conforme a la Regla 39.1 (b) de Procedimiento Civil, *supra*.

En consecuencia, ante ausencia de error, pasión error, perjuicio, parcialidad ni abusó de discreción en el presente caso, procede concederle deferencia al hermano foro primario, y, consecuentemente, confirmar la *Sentencia en Reconsideración* apelada.

## V.

Por todo lo antes expuesto, se *confirma* la *Sentencia en Reconsideración* apelada.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones