ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| HARRY VÁZQUEZ GUTIÉRREZ, GRETCHEN COLÓN GONZÁLEZ<br><br>Parte Apelante<br><br>V.<br><br>RICHARD RODRÍGUEZ RODRÍGUEZ, ROSA NELLY FIGUEROA CRUZ<br><br>Parte Apelada | TA2025AP00093 | *Apelación*<br>Procedente del Tribunal de Primera Instancia de Ponce |
| | | Caso Núm.: PO2023CV02655 |
| | | SOBRE: Incumplimiento de Contrato, Cobro de Dinero-Ordinario |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente

# S E N T E N C I A

En San Juan, Puerto Rico, a 9 de septiembre de 2025

Comparece ante nos el señor Harry Vázquez Gutiérrez y la señora Gretchen Colón González ("Apelantes" o "parte apelante") y solicitan la revocación de la Sentencia dictada el 3 de junio de 2025[1] por el Tribunal de Primera Instancia, Sala Superior de Ponce ("foro de instancia" o "foro recurrido").

Por los fundamentos que exponemos a continuación, **confirmamos** la Sentencia apelada.

-I-

A continuación, exponemos los hechos pertinentes ante nuestra consideración.

La controversia de epígrafe se remonta al 12 de julio de 2019 cuando los Apelantes presentaron una *Demanda*[2] sobre Garantía Hipotecaria y Cobro de Dinero

---

[1] Notificada el 4 de junio de 2025.
[2] Véase Entrada #1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) en el caso PO2019CV02410.

contra el señor Richard Rodríguez Rodríguez y la señora Rosa Nelly Figueroa Cruz ("Apelados"). Ese mismo día el foro de instancia expidió los emplazamientos[3]. Sin embargo, estos no fueron diligenciados dentro del término provisto por la Regla 4.3 (c) de Procedimiento Civil[4]. Por tal razón, el 6 de febrero de 2020[5] el foro de instancia emitió una *Sentencia*[6] desestimando la Demanda sin perjuicio.

Posteriormente, el 30 de diciembre de 2020 los Apelantes presentaron por segunda ocasión una *Demanda*[7] sobre Garantía Hipotecaria y Cobro de Dinero contra los aquí Apelados. En esa ocasión, los Apelantes no lograron asumir jurisdicción sobre los Apelados, por lo tanto, el 8 de octubre de 2021 presentaron una *Moción de Desistimiento*[8]. Ese mismo día, a petición de los Apelantes, el foro de instancia emitió una *Sentencia*[9] en la que decretó el desistimiento sin perjuicio y archivo del caso.

Así las cosas, el 28 de octubre de 2021 los Apelantes presentaron por tercera ocasión, una *Demanda*[10] en Garantía Hipotecaria y Cobro de Dinero contra la misma parte. El 5 de junio de 2023, el Apelante presentó una *Moción de Desistimiento*[11] alegando, nuevamente, que no pudo cumplir con las Reglas de Procedimiento Civil en cuanto a asumir jurisdicción sobre los aquí Apelados. De conformidad con ello, solicitó desistir del pleito, sin perjuicio.

---

[3] *Id.*, Entrada #2 de SUMAC.
[4] 32 LPRA, Ap. V, R. 4.3 (c).
[5] Notificada el 7 de febrero de 2020.
[6] Véase Entrada #4 de SUMAC en el caso PO2019CV02410.
[7] Véase Entrada #1 de SUMAC en el caso PO2020CV02321.
[8] *Íd.*, Entrada #5 de SUMAC.
[9] *Íd.*, Entrada #6 de SUMAC.
[10] Véase Entrada #1 de SUMAC en el caso PO2021CV02512.
[11] *Íd.*, Entrada #12 de SUMAC.

Así las cosas, el 31 de agosto de 2023, la parte apelante presentó, por cuarta ocasión, una *Demanda*[12] en Garantía Hipotecaria y Cobro de Dinero contra los Apelados. Al igual que en las ocasiones anteriores, los Apelantes alegaron haberle vendido a los Apelados una propiedad ubicada en Juana Díaz por la cantidad de $25,000.00. Según acordaron las partes, al momento de la compraventa los Apelados harían entrega de $15,000.00, mientras que los restantes $10,000.00 serían pagados en el término de un (1) año, en un solo pago. A pesar de ello, los Apelantes alegan que nunca recibieron el pago de $10,000.00, por lo que solicitaron la ejecución de la garantía de compraventa. Luego de varios incidentes procesales, el 18 de enero de 2024 el foro de instancia emitió una *Resolución sobre Anotación de Rebeldía*[13] anotando la rebeldía a los Apelados. Así las cosas, el 27 de enero de 2025 se celebró una Vista en Rebeldía. Según se desprende de la *Minuta Resolución*[14] el predio del terreno pertenece al Municipio de Juana Díaz ("Municipio"), mientras que la estructura pertenece a los Apelantes. A su vez, la parte apelante adujo que no incluyó al Municipio en el pleito debido a que el terreno no está en controversia. Señaló que lo único que reclaman es la estructura. A solicitud de los Apelantes, el foro recurrido autorizó la enmienda a la Demanda a fin de incluir al Municipio como parte en el pleito.

El 9 de mayo de 2025, el Municipio presentó una *Comparecencia Especial del Municipio de Juana Díaz*[15]. En esa ocasión, el Municipio alegó que es la cuarta vez que

---

[12] Véase Apéndice del recurso apelativo, Entrada #1 de SUMAC.
[13] Notificada el 29 de enero de 2024. Véase Apéndice del recurso apelativo, Entrada #13 de SUMAC.
[14] *Íd.*, Entrada #18 de SUMAC.
[15] *Íd.*, Entrada #24 de SUMAC.

los Apelantes presentan la controversia de epígrafe ante el tribunal. Además, señalaron que la controversia fue desistida en dos (2) ocasiones, por lo cual, el segundo desistimiento es con perjuicio, a pesar de que el tribunal lo haya dictado sin perjuicio por desconocer del desistimiento anterior.

Posteriormente, el 3 de junio de 2025[16], el foro de instancia emitió una *Sentencia*[17] en la que concluyó que carece de jurisdicción para atender el asunto, toda vez que la causa de acción es cosa juzgada. El 7 de julio de 2025 los Apelantes presentaron la *Primera Enmienda a la Demanda*[18]. Mediante dicha enmienda alegaron que los apelados no cumplieron con el pago de $10,000.00 como parte de la compraventa, por lo que la propiedad revirtió a los Apelantes. Además, señalaron que los apelados continuaron haciendo uso y disfrute de la propiedad en controversia sin emitir pago alguno por un periodo de trece (13) años. Por tal razón, la parte apelante solicita la suma de $78,000.00[19] como indemnización por el uso y disfrute de la propiedad sin tener derecho a ello. Ese mismo día, el foro de instancia emitió una *Orden*[20] declarando *No Ha Lugar* la enmienda a la Demanda.

Inconforme con tal determinación, el 7 de julio de 2025 los Apelantes acudieron ante este Tribunal mediante recurso de apelación e hicieron los siguientes señalamientos de error:

> ERRÓ EL TPI AL DESESTIMAR LA DEMANDA A PETICIÓN DE UN TERCERO QUE NO ES PARTE NI TIENE LEGITIMACIÓN EN EL PLEITO PARA EXPRESAR LA DEFENSA AFIRMATIVA DE COSA JUZGADA.

---

[16] Notificada el 4 de junio de 2025.
[17] Véase Apéndice del recurso apelativo, Entrada #27 de SUMAC.
[18] *Íd.*, Entrada #30 de SUMAC.
[19] Dicha cantidad se basa en la alegación de los apelantes de que la renta promedio en el área donde ubica la propiedad es de $500 mensuales.
[20] Véase Apéndice del recurso apelativo, Entrada #32 de SUMAC.

ERRÓ EL TPI AL DESESTIMAR LA DEMANDA POR FALTA DE JURISDICCIÓN SIN EXAMINAR LAS ALEGACIONES DE LAS DEMANDAS QUE FUERON DESISTIDAS ANTES DE CONCLUIR QUE FUERON ADJUDICADOS EN SUS MÉRITOS.

ERRÓ EL TPI AL DESESTIMAR LA DEMANDA SIN PERMITIR LA ENMIENDA A LA DEMANDA.

-II-

**A. Emplazamiento**

El emplazamiento es un mecanismo procesal que tiene como propósito notificar al demandado sobre la existencia de una reclamación incoada en su contra.[21] Al mismo tiempo este método de notificación permite al tribunal adquirir jurisdicción sobre la persona demandada de forma tal que este quede obligado por el dictamen que en su día recaiga.[22] A esos efectos, el emplazamiento tiene el propósito de notificarle al demandado que se ha incoado una acción judicial en su contra, para así garantizarle su derecho a ser oído y a defenderse.[23]

El emplazamiento constituye la única vía procesal que le confiere al tribunal jurisdicción sobre el demandado.[24] La parte demandante tiene la obligación de dar cumplimiento estricto a los requerimientos del emplazamiento, incluso su diligenciamiento, ya que existe una política pública que requiere que la parte demandada sea emplazada y notificada debidamente para evitar el fraude y que los procedimientos judiciales se utilicen para privar a una persona de su propiedad sin

---

[21] *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019); *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018); *Torres Zayas v. Montano Gómez et als.*, 199 DPR 458, 467 (2017).
[22] *Rivera Marrero v. Santiago Martínez*, supra, pág. 480.
[23] *Torres Zayas v. Montano Gómez et als.*, supra, pág. 467.
[24] R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho Procesal Civil*, 5ta ed., San Juan, Ed. LexisNexis de Puerto Rico, Inc., 2010, pág. 222.

el debido proceso de ley.[25] De manera que, para que el tribunal adquiere jurisdicción sobre todas las partes es indispensable que estos sean emplazados conforme a derecho.[26]

En nuestro ordenamiento procesal, un tribunal adquiere jurisdicción sobre la persona del demandado de dos maneras distintas: cuando se utilizan adecuadamente los mecanismos procesales de emplazamiento establecidos en las Reglas de Procedimiento Civil o cuando la parte demandada se somete voluntariamente a la jurisdicción del tribunal, explícita o tácitamente.[27]

En lo pertinente a la controversia, la Regla 4.1 de Procedimiento Civil de 2009[28] establece que el demandante deberá presentar junto a su demanda, el formulario de emplazamiento para que la Secretaría del Tribunal expida los mismos. Recientemente, el Tribunal Supremo de Puerto Rico reiteró que no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte.[29]

**B. Desistimiento**

La Regla 39.1 de Procedimiento Civil[30] encarna el principio básico que reconoce que la parte demandante tiene derecho a disponer de su acción y ocurre cuando una o todas las partes desisten de tramitar su acción ante el tribunal. La referida regla dispone lo siguiente:

(a)   *Por el demandante; por estipulación*. Sujeto a las disposiciones de la Regla 20.5, una parte demandante podrá desistir de un pleito sin una orden del tribunal:

---

[25] *Rivera Marrero v. Santiago Martínez*, supra, pág. 481.
[26] *Íd.*, pág. 482.
[27] *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 29 (2014).
[28] 32 LPRA Ap. V, R. 4.1.
[29] *Rivera Marrero v. Santiago Martínez*, supra, pág. 481.
[30] 32 LPRA, Ap. V, R. 39.1.

(1)  Mediante la presentación de un aviso de
     desistimiento en cualquier fecha antes de la
     notificación por la parte adversa de la
     contestación o de una moción de sentencia
     sumaria, cualesquiera de éstas [sic] que se
     notifique primero, o

(2)  Mediante la presentación de una estipulación
     de desistimiento firmada por todas las partes
     que hayan comparecido en el pleito.

     A menos que el aviso de desistimiento o la
     estipulación expone lo contrario, el
     desistimiento será sin perjuicio, **excepto que
     el aviso de desistimiento tendrá el efecto de
     una adjudicación sobre los méritos cuando lo
     presente un demandante que haya desistido
     anteriormente en el Tribunal General de
     Justicia, o en algún tribunal federal o de
     cualquier estado de Estados Unidos de América,
     de otro pleito basado en o que incluya la misma
     reclamación.**[31]

(b)  *Por orden del Tribunal.* A excepción de lo
     dispuesto en el inciso (a) de esta regla, no
     se permitirá al demandante desistir de ningún
     pleito, excepto mediante una orden del
     tribunal y bajo los términos y las condiciones
     que éste [sic] estime procedentes. A menos que
     la orden especifique lo contrario, un
     desistimiento bajo este párrafo será sin
     perjuicio.

Nuestro más alto foro ha expresado que esta regla contiene dos esquemas distintos, pues el inciso (a) contempla situaciones en las que la parte demandante podrá desistir sin mediar orden del tribunal, mientras que el inciso (b) regula los desistimientos que han de ser por orden judicial.[32]

Al amparo de la regla 39.1(a)(1) de Procedimiento Civil, *supra*, una parte demandante podrá "*desistir sin perjuicio, sin orden del tribunal, simplemente mediante la presentación de un aviso de desistimiento*" antes de que la parte contraria notifique su contestación o una moción de sentencia sumaria.[33] Así, se le concede a la parte demandante el derecho de remover su caso del

---

[31] Énfasis suplido.
[32] *Agosto v. Mun. de Río Grande*, 143 DPR 174, 180 (1997).
[33] *Tenorio v. Hospital Dr. Pila*, 159 DPR 777, 783 (2003).

tribunal siempre y cuando no se perjudiquen ninguna de las otras partes.[34] Bajo las circunstancias allí contempladas, "*el derecho del demandante de renunciar a su reclamo es absoluto y nada le impide que pueda demandar nuevamente*".[35]

Sobre este particular, el tratadista Cuevas Segarra señala que en ambos escenarios bajo el inciso (a), el desistimiento será sin perjuicio lo que significa que aquel que solicita el desistimiento de su acción, conserva el derecho a entablar una nueva acción[36]. Sin embargo, la regla dispone que el desistimiento tendrá el efecto de una adjudicación en los méritos cuando se haya desistido previamente en algún tribunal local, federal o de los Estados Unidos, de un caso a base de o que incluyó la misma reclamación, lo que se conoce como la doctrina de los dos desistimientos.[37] Mediante esta doctrina se persigue evitar que la parte demandante use irrazonablemente su derecho unilateral a desistir de su reclamación previo a que se presente una alegación responsiva.[38] En estas situaciones, un segundo desistimiento constituiría una adjudicación en los méritos y, por tanto, es considerado como un desistimiento con perjuicio por declaración de ley[39].

A tenor con lo anterior, Cuevas Segarra afirma que "***sólo desistimientos voluntarios generados mediante avisos, cualifican para fines del efecto de cosa juzgada cuando se desiste por segunda ocasión[40]***" Respecto a la

---

[34] *De la Matta v. Carreras*, 92 DPR 85, 93 (1965).
[35] *Pramco CV6, LLC v. Delgado Cruz y Otros*, 184 DPR 453, 459 (2012).
[36] J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da. Ed., San Juan, Pubs. J.T.S., 2011, T. III, pág. 1143.
[37] *Pramco CV6, LLC v. Delgado Cruz y Otros*, supra, pág. 460.
[38] *Íd., Cuevas Segarra, op. cit., pág.* 1144.
[39] *Pramco CV6, LLC v. Delgado Cruz y Otros*, supra, pág. 460; *De la Matta v. Carreras*, supra, pág. 94.
[40] Énfasis suplido. *Cuevas Segarra, op. cit., pág.* 1145.

aplicación de esta doctrina, el Tribunal Supremo de Puerto Rico expresó lo siguiente:

La doctrina del desistimiento anterior se circunscribe a los casos en que el segundo desistimiento se produce mediante aviso, no mediante estipulación. Ello pues, las partes demandadas que comparecieron pueden estipular que el desistimiento sea sin perjuicio. Tampoco procede aplicar la referida doctrina cuando el desistimiento se da en virtud del inciso (b) de la Regla 39.1, supra. En esta última instancia no existe necesidad de atender la preocupación de la presentación continua de demandas. La intervención del tribunal lo hace innecesario. Este auscultará e impondrá las condiciones que entienda necesarias para conceder el desistimiento incluyendo que se decrete el mismo con perjuicio.[41]

-III-

En el presente caso, la parte apelante alega que erró el foro de instancia al desestimar la Demanda sin permitir la enmienda. Además, arguyó que el Municipio es un tercero que no tiene legitimación activa para levantar la defensa de cosa juzgada. Por estar íntimamente relacionados entre sí discutiremos los señalamientos de error de manera conjunta.

El caso ante nuestra consideración ha sido presentado ante el foro de instancia en cuatro ocasiones. En la primera de estas, la controversia fue desestimada por no haber cumplido con el término para emplazar a las partes. Ahora bien, en las siguientes dos ocasiones los propios Apelantes desistieron de su causa

---

[41] *Pramco CV6, LLC v. Delgado Cruz y Otros*, supra, págs. 461-462.

de acción, de manera voluntaria, toda vez que no pudieron emplazar a los Apelados conforme a derecho. Ahora, los Apelantes regresan por cuarta ocasión bajo la misma reclamación, instada contra las mismas partes.

Nuestro ordenamiento legal establece que para que una persona sea parte en un pleito y que el tribunal adquiera jurisdicción sobre su persona, es indispensable que se emita y diligencie un emplazamiento conforme a derecho o que la parte se someta voluntariamente a la jurisdicción del tribunal. Eso no ocurrió en el caso ante nos. Tanto en la Demanda radicada en el 2020, como la del 2021, los Apelantes presentaron la misma reclamación de Garantía Hipotecaria y Cobro de Dinero contra los Apelados, sin embargo, no pudieron emplazarlos conforme a derecho. Por tal razón, los Apelantes presentaron una moción solicitando el desistimiento de la reclamación.

Según indicamos en el acápite II, bajo la doctrina de los dos desistimientos, el segundo de estos constituye una adjudicación en sus méritos y, por lo tanto, se considera como un desistimiento con perjuicio. Lo anterior tiene el efecto de que la parte reclamante está impedida de presentar su causa de acción por tercera ocasión ante el tribunal.

A tenor con lo anterior, confirmamos la Sentencia apelada, en la medida en que el foro de instancia carece de jurisdicción para atender el asunto.

-IV-

Por los fundamentos que anteceden, se **_confirma_** la Sentencia apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*